Anthony Carl **GREEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–87–00232–CR.

Court of Appeals of Texas,
Dallas.

Jan. 5, 1988.

Rehearing Denied Feb. 9, 1988.

Kathleen C. Decker, Dallas, for appellant.

Michael A. Klein, Dallas, for appellee.

Before WHITHAM, McCLUNG and STEWART, JJ.

McCLUNG, Justice.

Anthony Carl Green appeals his conviction for possession of cocaine with intent to deliver. Punishment was assessed at five years imprisonment. Prior to his plea of guilty, appellant filed a motion to suppress which the trial court denied. Appellant contends the trial court erred in refusing to suppress evidence obtained as a result of his unlawful detention. We agree; hence we reverse and remand.

The record from the suppression hearing reflects that a police officer first observed appellant's car parked in a cafeteria parking lot shortly after the cafeteria closed for the night. A woman parked her car beside appellant's and entered the passenger side of his car. About two minutes later she left the car and drove away in her own vehicle. A second car then pulled up beside appellant and the driver entered appellant's car.

The officer became suspicious, at this point, and approached the vehicles. Appellant and the other occupants got out of the car as they saw the officer approaching. The officer asked the men for identification and asked the appellant whether he could search the car. Testimony in the record conflicts as to appellant's reply; nevertheless, the officer conducted a search and found cocaine in a blue bag inside a shave kit on the floorboard of the car. The officer then arrested appellant.

 Appellant contends, in his sole point of error, that the police officer lacked reasonable suspicion based on articulable facts that a crime had occurred or was occurring; thus, he could not lawfully detain the appellant. We agree. If the facts of this case were sufficient grounds for a temporary detention, every person who meets a friend in a parking lot to exchange football tickets or engage in a brief conversation would be subject to police investigation. Where the events observed are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful. *Johnson v. State*, 658 S.W.2d 623, 626 (Tex.Crim.App. 1983).

The State asserts that the appellant has no standing to challenge the validity of the search because he did not prove he had a legitimate expectation of privacy in the area searched. The court of criminal appeals, in *Lewis v. State*, 664 S.W.2d 345 (Tex.Crim.App.1984), decided that an appellant who challenges the validity of the initial stop of a vehicle questions infringement of his own 4th Amendment rights, regardless of whether he has an expectation of privacy in the place to be searched; thus he has standing to question the admissibility of the fruits of any search which results from the initial unlawful stop. *Id.* at 348. Consequently, we hold that the appellant had standing in this case.

The State next contends that the search was proper because the appellant consented to the search. The State cites *Jordan v. State* 506 S.W.2d 217, 220–21 (Tex.Crim.App.1974) for the proposition that consent to a search is valid even though the validity of the initial stop of the defendant is questionable. In *Jordan*, the appellant did not question the validity of the stop, but rather, the validity of the search warrant. We find this case distinguishable. Where the consent is the result of an illegal stop, it is fatally tainted by the illegality of the stop. *Daniels v. State*, 718 S.W.2d 702, 707 (Tex.Crim.App.1986).

Accordingly, we hold that the trial court erred in denying appellant's motion to supress the evidence obtained as a result of appellant's illegal stop. We reverse and remand.