Keith Alan McDONALD, Appellant,

v.

The STATE of Texas, State.

No. 2-87-204-CR.

Court of Appeals of Texas,
Forth Worth.

Nov. 2, 1988.

Pete Gilfeather, Weatherford, for appellant.

William H. Cantrell, Co. Atty., Weatherford, for the State.

Before FENDER, C.J., and
KELTNER and LATTIMORE, JJ.

OPINION

FENDER, Chief Justice.

Appellant, Keith Alan McDonald, was convicted by a jury of the offense of driving while intoxicated. *See* TEX.REV.CIV. STAT.ANN. art. 6701l-1 (Vernon Supp. 1988). The judge assessed punishment at fifty days in the Parker County, Texas, jail and a $400 fine.

We affirm.

On April 19, 1987, a Texas Department of Public Safety officer noticed a car pull off the road on the westbound side of Interstate 20 in Parker County, Texas. After a few minutes the officer approached the car and noticed that the engine was running and that the brake lights were on. Further inspection revealed that appellant was slumped over the wheel. The officer knocked on the window several times to arouse appellant. The appellant awoke and attempted to drive off. The officer signaled appellant to stop and get out of the car. Appellant did so, and when the officer inquired whether there was a problem, appellant's responses were slurred and he smelled of alcohol. The officer transported appellant to Weatherford where field sobriety tests were conducted. Appellant declined to take a breath test.

Appellant raises one point of error. He alleges that the trial court committed reversible error in overruling the appellant's objection to the admission of all testimony after the stop of appellant based on a lack of probable cause on which to base the stop. Basically, appellant contends that his detention by the officer was not based on a belief of probable cause by the officer that appellant had committed a crime.

■ It is well-established that a law enforcement official needs only a reasonable suspicion of a criminal offense to make an investigative detention. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Ferguson v. State*, 573 S.W.2d 516, 522 (Tex.Crim.App.1978), *cert. denied*, 442 U.S. 934, 99 S.Ct. 2870, 61 L.Ed.2d 304 (1979).

Reasonable suspicion is a standard requiring less proof than probable cause as it merely establishes an investigatory stop rather than a full blown arrest and search. *Daniels v. State*, 718 S.W.2d 702 (Tex. Crim.App.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986). However, even a brief investigative stop must be based on specific, articulable facts, which in light of the police officer's experience and general knowledge, together with rational inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen stopped for further investigation. *Brem v. State*, 571 S.W.2d 314, 318 (Tex.Crim.App. [Panel Op.] 1978). Further, such a stop must be associated with some reasonable suspicion of criminal activity. *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 628 (1981); *Johnson v. State*, 658 S.W.2d 623, 626 (Tex.Crim.App.1983).

■ It is unclear when a police officer may make a stop for reasons other than criminal ones. The United States Supreme Court in the case of *Cady v. Dombrowski*, 413 U.S. 433, 441, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706, 714–15 (1973), observed:

> Because of the extensive regulation of motor vehicles and traffic, and also because of the frequency with which a vehicle can become disabled or involved in an accident on public highways, the extent of police-citizen contact involving automobiles will be substantially greater than police-citizen contact in a home or office. Some such contacts will occur because the officer may believe the operator has violated a criminal statute, but many more will not be of that nature. Local police officers, unlike federal officers, frequently investigate vehicle accidents in which there is no claim of criminal liability and engage in what, for want of a better term, may be described as community caretaking functions, totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute.

*Id.* Certainly, police officers have a duty to protect the general welfare and safety of the public at large and individuals on the highways. The officer testified that it was department policy to investigate all vehicles pulled over on the side of the road.

The car was parked on a public highway in plain view of everyone. Police officers have the right to walk up to a driver's window and observe what is in plain view in a public place. *See Merideth v. State*, 603 S.W.2d 872 (Tex.Crim.App. [Panel Op.] 1980). The officer had a right, and in fact a duty to be present and to investigate the situation. The officer also testified that he was specifically concerned as to appellant's welfare. The officer could well have believed after seeing appellant slumped over the wheel that medical circumstances rendered appellant unfit to drive and endangered both his own safety and the safety of the general public. Only through a brief detention of the appellant could the officer fulfill his duty to protect the public. Thus, we find the temporary stop justified in light of circumstances that suggested possible medical difficulties. We find this situation analogous to that of the right of a fireman to enter a burning building to fight the fire without a warrant. *See Michigan v. Tyler*, 436 U.S. 499, 509, 98 S.Ct. 1942, 1950, 56 L.Ed.2d 486, 498 (1978). The exigency presented by an unfit driver re-entering the highway is sufficient to make the temporary stop reasonable under the fourth amendment.

■ We do not hold today that police officers may detain persons based on vague notions of protecting the general welfare. Rather, we hold that when a police officer has a demonstrable reason to believe that a particular individual may be unfit to drive for medical or other reasons, a temporary stop is justified for the limited purpose of investigating that person's well-being. We believe that the possible danger such a person presents to the public warrants such a stop before a traffic tragedy occurs. Appellant's point of error is accordingly overruled.

The judgment of the trial court is affirmed.