**Kyle Walker WRIGHT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 03–97–00231–CR.

Court of Appeals of Texas,
Austin.

Jan. 8, 1998.

David H. Reynolds, Austin, for appellant.

Eugene D. Taylor, Williamson County Attorney, Carol Collins, Assistant County Attorney, Georgetown, for State.

Before KIDD, B.A. SMITH and DALLY * JJ.

DALLY, Justice (Retired).

Appellant Kyle Walker Wright appeals from his conviction for possessing less than two ounces of marihuana. *See* Tex. Health & Safety Code Ann. § 481.121 (West Supp. 1997). Appellant entered a no contest plea pursuant to a plea bargain agreement; the trial court deferred adjudication of guilt and placed appellant on community supervision for nine months and assessed a $250 fine.

In his only point of error, appellant asserts that the trial court erred in overruling his motion to suppress evidence. Appellant urges the evidence that the trial court refused to suppress was obtained by officers as a result of appellant's unlawful detention in violation of his federal and state constitutional rights and his state statutory rights. *See*

---

* Before Carl E.F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1988).

U.S. Const. amend. IV, XIV; Tex. Const. art. I, § 9; Tex.Code.Crim. Proc. Ann. art. 38.23 (West Supp.1998). We will sustain appellant's point of error.

We summarize the scant evidence adduced on the motion to suppress. Williamson County Deputy Sheriff Jack Tomlinson, the arresting officer, was the only witness who testified. Deputy Tomlinson testified that he was in a training program preparing to go on patrol duty and that he and other officers were parked along the side of Highway 620. At about 4:00 a.m. a car passed; in the right rear seat was a passenger, identified in court as appellant, who was leaning out of the open car window. Appellant was vomiting on the side of the car. The officers stopped the car occupied by the driver, appellant, and another passenger. There was no testimony that the car was being driven recklessly or in any way unlawfully. When Deputy Tomlinson came within two or three feet of the car he smelled odors he associated with alcoholic beverages and marihuana. In plain view on the console between the front seats, Deputy Tomlinson saw a partially burned marihuana cigarette. Other than this partially burned marihuana cigarette, which is the basis of this prosecution, no other drugs were found. After hearing the evidence and argument of counsel, the trial court refused to grant the motion to suppress.

The State asks that we hold the trial court properly refused to grant appellant's motion to suppress because (1) "[T]here is ample basis in law and fact to affirm the judgment of the trial court based on the community caretaking doctrine," or (2) although not raised in the trial court, it "would be correct to affirm the trial court's ruling on appellant's motion to suppress evidence and subsequent conviction based on the presence of reasonable suspicion of criminal activity." The appellant urges that there were no articulable facts to raise a reasonable suspicion that appellant was engaged in criminal activity. Moreover, appellant asserts that even if the community caretaking doctrine were recognized, it would not be applicable in the circumstances of this case.

■ Although appellant was a passenger in the car which was stopped by officers, he has standing to complain of the admissibility of the evidence obtained because of the stop, if the initial stop of the car were unlawful. *See Lewis v. State,* 664 S.W.2d 345, 348 (Tex. Crim.App.1984); *Dominguez v. State,* 924 S.W.2d 950, 953 (Tex.App.—El Paso 1996, no pet.); *Metoyer v. State,* 860 S.W.2d 673, 677 (Tex.App.—Fort Worth 1993, pet. ref'd); *Green v. State,* 744 S.W.2d 313, 314 (Tex. App.—Dallas 1988, pet. ref'd).

> Typically, a passenger without a possessory interest in an automobile lacks standing to complain of its search because his privacy expectation is not infringed. Whereas the search of an automobile does not implicate a passenger's fourth amendment rights, a stop results in the seizure of the passenger and driver alike. Thus, a passenger of a stopped automobile does have standing to challenge the seizure as unconstitutional.

*United States v. Roberson,* 6 F.3d 1088, 1091 (5th Cir.1993); "[A] passenger has standing to challenge the constitutionality of a vehicle stop because a stop results in the seizure of the passenger." *Jackson v. Vannoy,* 49 F.3d 175, 176 (5th Cir.1995). *See also, United States v. McKneely,* 6 F.3d 1447, 1450 (10th Cir.1993); *State v. Carter,* 69 Ohio St.3d 57, 630 N.E.2d 355, 360 (1994); *State v. Haworth,* 106 Idaho 405, 679 P.2d 1123, 1124 (1984); *State v. Eis,* 348 N.W.2d 224, 225–27 (Iowa 1984); 5 Wayne R. La Fave, *Search and Seizure,* § 11.3(e) at 170–174 n. 231 (3d ed.1996).

■ Even without probable cause, a law enforcement officer can stop and briefly detain a citizen for investigative purposes if the officer, in light of his experience, has reasonable suspicion supported by articulable facts that criminal activity "may be afoot." *See Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 1884–85, 20 L.Ed.2d 889 (1968); *Woods v. State,* 956 S.W.2d 33, 35 (Tex.Crim.App. 1997); *Davis v. State,* 829 S.W.2d 218, 219 (Tex.Crim.App.1992). "In short, under our interpretation of *Terry* and its progeny, reasonable suspicion requires 'that there be something out of the ordinary occurring and some indication that the unusual activity is related to crime.'" *Davis v. State,* 947 S.W.2d 240, 244 (Tex.Crim.App.1997) (quot-

ing *Viveros v. State,* 828 S.W.2d 2, 4 (Tex. Crim.App.1992)). "The articulable facts used by the officer must create some reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detainee with the unusual activity and some indication the unusual activity is related to crime." *Id.* "[A] temporary detention of this kind is not permissible unless the circumstances upon which the officers rely objectively support a reasonable suspicion that the person detained actually is, has been, or soon will be engaged in criminal activity." *Id.*

■ The standard for appellate review adopted by the Supreme Court now requires *de novo* review to determine probable cause and reasonable suspicion. "[A]s a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal." *Ornelas v. United States,* 517 U.S. 690, ——, 116 S.Ct. 1657, 1662–63, 134 L.Ed.2d 911, 920 (1996). "[T]he legal rules for probable cause and reasonable suspicion acquire content through application. Independent review is therefore necessary if appellate courts are to maintain control of, and to clarify the legal principles." *Id.* The *de novo* standard for appellate review of reasonable suspicion and probable cause has been adopted by the Court of Criminal Appeals. *See Guzman v. State,* 955 S.W.2d 85, 87–88 (Tex.Crim.App. 1997). In this case, there is no disagreement about the facts or credibility of the witness; therefore we will review the facts to determine whether appellant's detention was lawful.

■ At the time appellant was stopped and detained, Deputy Tomlinson was an officer having limited experience in law enforcement duties; he testified that his offense report in this case was one of the first he had prepared. The officer testified that he thought it was unusual for a passenger to be hanging out of a car window vomiting; it was his opinion that this would distract the driver. Deputy Tomlinson articulated his reasons for stopping the car in which appellant was a passenger: "Basically to check and be sure he wasn't being assaulted or if he needed medical help.... They could have had a blowout, lost control. He could have been

smashed into a pole or something like that. The car could have gone off into a ditch, rolled over on top of him, broke his back." The appellant was not the driver of the car. The car was not being driven in a reckless or unlawful manner. No traffic violations were observed. The reasons the deputy gave for stopping and detaining appellant, based on what he testified he saw, were unreasonably speculative. These reasons appear to be an attempt through hind-sight to create a justification for stopping and detaining the appellant. Deputy Tomlinson's testimony did not indicate reasonable suspicion that appellant or any occupants of the car actually were, had been, or soon would be engaged in criminal activity. The stop cannot be justified as a legitimate *Terry* investigative detention.

■ In *Cady v. Dombrowski,* the Supreme Court recognized a "community caretaking function" that law enforcement officers may exercise in the absence of suspected criminal activity.

> Because of the extensive regulation of motor vehicles and traffic, and also because of the frequency with which a vehicle can become disabled or involved in an accident on public highways, the extent of police-citizen contact involving automobiles will be substantially greater than police-citizen contact in a home or office. Some such contacts will occur because the officer may believe the operator has violated a criminal statute, but many more will not be of that nature. Local police officers, unlike federal officers, frequently investigate vehicle accidents in which there is no claim of criminal liability and engage in what, for want of a better term, may be described as community caretaking functions, totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute.

*Cady v. Dombrowski,* 413 U.S. 433, 441, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706 (1973).

The Fort Worth Court of Appeals has applied the *Cady* "community caretaking" doctrine when the detention of a person was not justified by probable cause or reasonable suspicion. *Hulit v. State,* 947 S.W.2d 707, 709–11 (Tex.App.—Fort Worth 1997, pet.

granted); *Fox v. State,* 900 S.W.2d 345 (Tex. App.—Fort Worth 1995), *pet. dism'd. improvidently granted,* 930 S.W.2d 607 (Tex. Crim.App.1996); *McDonald v. State,* 759 S.W.2d 784, 785 (Tex.App.—Fort Worth 1988, no pet.). This Court, with a dissenting justice, refused to adopt the community caretaking doctrine without direction from the Court of Criminal Appeals. *See Rheinlander v. State,* 888 S.W.2d 917, 918–19 (Tex.App.—Austin 1994), *pet. dism'd permanently abated,* 918 S.W.2d 527, 528 (Tex.Crim.App.1996). We reaffirm our holding in *Rheinlander.*

We note, however, that appellant's detention would not have been lawful even under the *Cady* "community caretaking" doctrine. Deputy Tomlinson expressed concern for appellant's welfare when the passenger not the driver of the car showed signs of distress. Nevertheless, the circumstances did not justify official intrusion upon appellant's constitutionally protected right to be secure in his person. The stopping and detention of appellant was simply an unreasonable exercise of authority by the officer in violation of appellant's constitutional rights. U.S. Const. amend. IV, XIV. The plain view sighting of the marihuana was fruit of this illegal stop and should have been suppressed.

Appellant's point of error is sustained; the trial court erred in refusing to grant appellant's motion to suppress. The judgment of conviction is reversed and the cause is remanded to the trial court.