Connie Sue CUNNINGHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–96–310 CR.

Court of Appeals of Texas, Beaumont.

Submitted March 5, 1998.

Decided April 8, 1998.

Peter Speers, III, The Woodlands, for appellant.

Michael A. McDougal, District Attorney, Gail Kikawa McConnell, Assistant District Attorney, Conroe, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Connie Sue Cunningham pleaded guilty to DWI-subsequent offense and the trial court assessed punishment at three years' imprisonment in the Texas Department of Criminal Justice, Institutional Division and assessed a $500 fine. The court suspended her sentence and placed her on community supervision. She brings one point of error alleging the trial court erred in denying her motion to suppress.

At the hearing on the motion to suppress, Sergeant Phillip Dupuis of the Conroe Police Department testified that on February 17, 1996, he was patrolling while working on a gang activity project. Shortly after midnight, he noticed a woman driving a vehicle with a flat tire about 5 m.p.h. on the shoulder of the road. He followed her for a short distance and then turned on the overhead lights "[t]o assist her in changing her flat." Dupuis stated he activated the lights "so she would stop, so that she would know it was a police officer who was willing to assist her." Upon stopping Cunningham, Dupuis observed that she had a strong odor of alcohol on her breath and person. She was unable to perform agility tests. Dupuis then arrested her.

Prior to trial, Cunningham filed a motion to suppress, moving the suppression of all evidence obtained as a result of the initial detention of her by Dupuis, including his observations, field sobriety tests, and all other evidence obtained as a result of her detention. She argues such evidence was obtained in violation of rights secured to her by the Fourth and Fourteenth Amendments to the United States Constitution and article I, section 9 of the Texas Constitution. Cunningham argues the stop was without probable cause, or with any specific articulable facts to reasonably suspect the person stopped is associated with criminal activity and that TEX. CODE CRIM. PROC. ANN. art 38.23 (Vernon Pamph. 1998) mandates that her motion to suppress be granted and that her DWI conviction be reversed and remanded for a new trial.

■■■ Before a person driving an automobile may be stopped and lawfully detained by an officer, that officer must have specific articulable facts to reasonably suspect the person stopped is associated with criminal activity. For a stop to be lawful under the reasonable suspicion standard, there must exist articulable facts used by the officer to create some reasonable inference of criminal conduct. *Viveros v. State*, 828 S.W.2d 2, 4 (Tex.Crim.App.1992); *Garza v. State*, 771 S.W.2d 549, 558 (Tex.Crim.App.1989). A stop is justified if the officer, based upon specific and articulable facts, reasonably sur-

mises that the detained person may be associated with a crime. *Davis v. State*, 829 S.W.2d 218, 219 (Tex.Crim.App.1992) (citing *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). When the credibility of witnesses is not involved, nor historical facts in dispute, determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal. *Ornelas v. United States*, 517 U.S. 690, 698–99, 116 S.Ct. 1657, 1662–63, 134 L.Ed.2d 911, 920 (1996); *Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App. 1997); *Wright v. State*, 959 S.W.2d 355, 357 (Tex.App.—Austin 1998, pet. filed).

In the present case, we are faced with the issue of whether a detention is justified when an officer, based on specific and articulable facts, reasonably believes a motorist is in need of assistance as a result of illness, a malfunctioning vehicle, or some other impairment. The Fort Worth Court of Appeals has recognized that exception in two opinions. In *Hulit v. State*, 947 S.W.2d 707, 711 (Tex. App.—Fort Worth 1997, pet. granted), the court stated:

[I]n the absence of any suspicion of criminal activity, it is constitutionally permissible for officers to conduct searches or seizures where the officers reasonably believe that their action is necessary to protect an individual or the public from harm. That rationale should apply whether the object of intrusion is a residence or a vehicle, and we so hold. In doing so we reaffirm our holding in *McDonald*, and we further adopt an objectively reasonable standard of review. The stop is permissible where the officer had an objectively reasonable basis for believing that the motorist posed a danger to himself or the public, or was otherwise in need of immediate assistance.

The Fort Worth court has also held: "[W]hen a police officer has a demonstrable reason to believe that a particular individual may be unfit to drive for medical or other reasons, a temporary stop is justified for the limited purpose of investigating that person's well-being." *McDonald v. State*, 759 S.W.2d 784, 785 (Tex.App.—Fort Worth 1988, no pet.). *Contra Wright*, 959 S.W.2d at 358 (refusing to adopt the community caretaking doctrine without direction from the Court of

Criminal Appeals); *Rheinlander v. State*, 888 S.W.2d 917, 920 (Tex.App.—Austin 1994), *pet. dism'd*, 918 S.W.2d 527 (Tex.Crim.App.1996)(finding community caretaking doctrine to be at odds with the reasonable suspicion of criminal activity standard).

The Supreme Court has recognized an exception to the *Terry* stop: a stop made by officers in their "community caretaking function." In *Cady v. Dombrowski*, 413 U.S. 433, 441, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706 (1973) the Supreme Court held as follows:

> Because of the extensive regulation of motor vehicles and traffic, and also because of the frequency with which a vehicle can become disabled or involved in an accident on public highways, the extent of police-citizen contact involving automobiles will be substantially greater than police-citizen contact in a home or office. Some such contacts will occur because the officer may believe the operator has violated a criminal statute, but many more will not be of that nature. Local police officers, unlike federal officers, frequently investigate vehicle accidents in which there is no claim of criminal liability and engage in what, for want of a better term, may be described as community caretaking functions, totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute.

Other state courts have adopted a "community caretaking" exception. *See, e.g., Smith v. State*, 301 Ark. 569, 785 S.W.2d 465, 466 (1990); *State v. Mitchell*, 498 N.W.2d 691, 694 (Iowa 1993); *State v. Vistuba*, 251 Kan. 821, 840 P.2d 511, 514 (1992); *State v. Pinkham*, 565 A.2d 318, 319–20 (Me.1989); *People v. Davis*, 442 Mich. 1, 497 N.W.2d 910, 915 (1993); *State v. Martinez*, 260 N.J.Super. 75, 615 A.2d 279, 281 (App.Div. 1992); *Provo City v. Warden*, 844 P.2d 360, 364 (Utah App.1992), *aff'd*, 875 P.2d 557 (Utah 1994); *State v. Marcello*, 157 Vt. 657, 599 A.2d 357, 358 (1991). And *see generally*, 3 WAYNE R. LAFAVE, SEARCH & SEIZURE §§ 5.4(c), 6.6, 7.4 (3d ed.1996).

■ In the present case, Officer Dupuis stopped Cunningham because she had a flat tire, was driving late at night in an unsafe neighborhood, and at an unsafe speed. A police officer has a legitimate role as a public servant to assist those in distress and to maintain and foster public safety activity. Consequently, we find Officer Dupuis was justified in stopping Cunningham to inquire about her safety.

■ To paraphrase *McDonald*, 759 S.W.2d at 785, we do not hold that police officers may detain persons based upon vague notions of protecting the general welfare or based upon unspecified concern or based upon some general desire to be helpful or render assistance. Rather, we hold that when a police officer has a demonstrable reason to believe that a particular individual may need assistance, a temporary stop is justified for the limited purpose of determining if assistance is appropriate. The trial court did not err in overruling Cunningham's motion to suppress. Her point of error is overruled and the judgment of the trial court is affirmed.

AFFIRMED.