The State of Texas v. Jason Wayne Tarvin
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-347-CR

     THE STATE OF TEXAS,
                                                                              Appellant
     v.

     JASON WAYNE TARVIN,
                                                                              Appellee
 

From the County Criminal Court No. 8
Tarrant County, Texas
Trial Court # 0625201
                                                                                                                

O P I N I O N
                                                                                                                

      Jason Wayne Tarvin was charged with the misdemeanor offense of driving while intoxicated. 
See Tex. Pen. Code Ann. § 49.04 (Vernon 1994 and Supp. 1998). Tarvin filed a motion to
suppress the evidence gathered after he was stopped, which the court granted. The State appeals,
presenting nine issues for our review.


 Applying the standard for review set out in Guzman v.
State, we will affirm the judgment.
 
FACTS
      The sparse facts indicate that on June 8, 1996 around 2:00 a.m., Officer Diron Hill followed
Tarvin and observed him drift to the right side of a two lane road causing his tires to go “over”
the solid white line at the right-hand side of the road on two or three occasions.


 Hill activated
his overhead emergency lights, and Tarvin pulled over in response. There is no evidence
regarding what followed.        
Standard of Review
      In Guzman v. State, the Court of Criminal Appeals clarified the standard of review for
appellate courts when deciding mixed questions of law and fact


 such as “reasonable suspicion”
and “probable cause”:
[A]s a general rule, the appellate courts ... should afford almost total deference to a trial
court's determination of the historical facts that the record supports especially when the trial
court's fact findings are based on an evaluation of credibility and demeanor [citation omitted]. 
The appellate courts ... should afford the same amount of deference to trial court rulings on
"application of law to fact questions," also known as "mixed questions of law and fact," if the
resolution of those ultimate questions turns on an evaluation of credibility and demeanor. The
appellate courts may review de novo "mixed questions of law and fact" not falling within this
category. 

Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).


 Thus, when the issue to be
determined on appeal is whether an officer had probable cause to seize a suspect, "the trial judge
is not in an appreciably better position than the reviewing court to make that determination." Id.
at 87. Because the issue in this case does not involve a disagreement about the facts or credibility
of a witness, but rather whether the officer had probable cause/reasonable suspicion to stop
Tarvin, we review that issue as a "mixed question of law and fact" de novo, affording total
deference to the trial court's determination of the historical facts. Id. at 87-89. 
      ISSUE PRESENTED
      The State presents nine issues for review, combining them into a single argument. We will
address them likewise. The State’s position on appeal can be summarized into two complaints: 
(1) the trial court abused its discretion when it made its findings of fact; and (2) the trial court
improperly applied the law to the facts. As set out above, we will afford total deference to the
trial court with regard to the historical facts (assuming those facts are supported by the record),
and we will review application of the law to the facts de novo. Id. 
Findings of Fact
      The court found that Tarvin “doesn’t weave out of a lane, he’s within a lane. Driving a car,
in and of itself, has to be -- I mean, is a controlled weaving. . . .” The record contains evidence
that Tarvin either drove on or over the right-hand white line. There is no evidence that he ever
drove into another lane of traffic or did more than go “a little bit worse than over” the white line. 
When asked whether Tarvin’s tires ever actually crossed entirely over the white line, Hill stated
that on two occasions it was “a little bit worse than over,” but stated that he couldn’t give an exact
measurement. The terms “cross” and “over” were never clarified, but it is clear that the dispute
regarded the white line on the outside of the road, and Tarvin never came near the on-coming lane
of traffic. The court’s finding that Tarvin never left his lane of traffic is supported by the record
as that phrase could rationally be defined. 
      The court indicated that significant research was done to determine whether Tarvin’s actions
constituted weaving in violation of an ordinance. The court asked for a copy of the ordinance
which Tarvin supposedly violated, but the State never came forward with such an ordinance. We
find that the court’s determination that touching the right-hand white line does not constitute
weaving out of one’s lane of traffic is supported by the record. We will not disturb the findings
of fact. Id. Furthermore, we do not find that the court “ignored” the time of night, distance of
travel, or proximity to a night club in making its findings, as the State contends. Nevertheless,
it is irrelevant whether the court considered these factors or not. We will consider them as part
of the “totality of the circumstances” in our de novo review. 
Application of Law to Facts
      Law enforcement officers may stop and briefly detain persons suspected of criminal activity
on less information than is constitutionally required for probable cause to arrest. Terry v. Ohio,
392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); State v. Sailo, 910 S.W.2d 184,
187 (Tex. App.—Fort Worth 1995, pet. ref'd). To justify the intrusion, the officer must have
specific articulable facts which, in light of his experience and personal knowledge, together with
inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen
detained for further investigation. Johnson v. State, 658 S.W.2d 623, 626 (Tex. Crim. App.
1983). The officer must have a reasonable suspicion that some activity out of the ordinary is
occurring or has occurred, some suggestion to connect the detained person with the unusual
activity, and some indication the activity is related to a crime. Id; Wright v. State, 959 S.W.2d
355, 356-57 (Tex. App.—Austin 1998, no pet. h.). 
      The State argues that Tarvin’s weaving provided a reasonable suspicion to conduct an
investigative stop. We note that Hill never testified that he was conducting an investigatory stop,
nor did he testify to suspecting any criminal activity other than weaving out of the lane. In other
cases where a stop was justified in part because of weaving, the activity involved something else,
i.e., going into another lane of traffic, high rates of speed, or erratic speed changes.


 Hill testified
that he did not observe any other driving infractions. The evidence shows that Tarvin never went
into another lane of traffic, nor did he have difficulty maintaining a safe speed. Hill testified that
he stopped Tarvin because his vehicle crossed over the white line. He testified that no other traffic
violations occurred, that he did not observe any other weaving, and that he noticed “nothing else
unusual” about Tarvin’s driving. We do not find that Tarvin’s driving provided a reasonable
suspicion of criminal activity. Although mere weaving in one’s own lane of traffic can justify an
investigatory stop when that weaving is erratic, unsafe, or tends to indicate intoxication or other
criminal activity, there is nothing in the record to show that Hill believed any of the above to be
the case. 
      The State argues that because Tarvin’s weaving constituted a traffic offense, a temporary
detention was justified. As mentioned earlier, the court requested a copy of any law or ordinance
which Tarvin may have violated but the State did not comply. On appeal, the State argues that
Tarvin’s weaving was a violation of Section 545.060 of the Transportation Code, which reads in
part, “An operator on a roadway divided into two or more clearly marked lanes for traffic: (1)
shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane
unless that movement can be made safely.” Tex. Transp. Code Ann. § 545.060(a) (Vernon
1998). The evidence does not support a finding that Hill had a reasonable belief that Tarvin
violated this provision of the Transportation Code. 
      Finding no reasonable suspicion for a detention and further finding no evidence of a traffic
violation, we overrule all nine issues. The judgment is affirmed.
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed July 15, 1998
Publish