TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00672-CR






The State of Texas, Appellant



v.



Frank Bartow, Jr., Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 476,356, HONORABLE DAVID CRAIN, JUDGE PRESIDING







 Appellee Frank Bartow, Jr. was charged with the misdemeanor offense of driving
while intoxicated. See Tex. Penal Code Ann. § 49.04 (West 1994 & Supp. 1999). The trial court
granted his motion to suppress. On appeal, the State maintains that the trial court erred in finding
that there was no probable cause to stop appellee. We will reverse and remand.

 Carl Pardinek, a sergeant with the Austin Police Department K-9 unit, was the only
witness who testified at the hearing on appellee's motion to suppress. He testified that on
December 4, 1996, he was training his patrol dog near the railroad tracks off East 12th Street in
Austin when a pedestrian approached him and reported seeing a man slumped over the steering
wheel of a vehicle at a nearby intersection. Sergeant Pardinek drove to the intersection, turned on
his overhead lights, and began to maneuver his unmarked police vehicle behind a truck sitting at the
intersection. As he did this, a woman walked toward the truck and yelled at the driver to wake up. 
Sergeant Pardinek testified that the driver did wake up and proceeded to drive eastbound on 12th
Street at approximately five miles per hour.

 Sergeant Pardinek followed less than five feet behind the truck and signaled the driver
to pull over. The truck continued to creep down the street. Sergeant Pardinek testified that when
the driver did not respond to his signal, he "bumped" his siren a few times. After some time, the
driver finally stopped.

 Sergeant Pardinek approached the truck, identified himself as a police officer, and 
asked the driver to turn off the engine. He testified that the driver "fiddled for about 15 seconds"
before turning off his lights and ignition. In response to Sergeant Pardinek's request, the driver
identified himself as appellee. Sergeant Pardinek then asked appellee to get out of the truck and
accompany him to the sidewalk. It was at that time Sergeant Pardinek observed that appellee
"swayed quite noticeably" when he walked. Sergeant Pardinek also smelled a "moderate odor of
alcohol" on appellee's breath. He then called for a patrol officer to administer field sobriety tests
on appellee. Appellee was subsequently taken into custody and charged with the offense of driving
while intoxicated. After hearing this evidence, the trial court granted appellee's motion to suppress,
ruling that the officer lacked reasonable suspicion to stop him.

 Questions regarding the existence of probable cause and reasonable suspicion are
generally reviewed de novo. See Guzman v. State, 955 S.W.2d 85, 86-87 (Tex. Crim. App. 1997);
Wright v. State, 959 S.W.2d 355, 357 (Tex. App.--Austin 1998, pet. granted). Because there is no
disagreement about the facts or testimony of Sergeant Pardinek in this case, we will review the facts
to determine whether appellee's detention was lawful. See Wright, 959 S.W.2d at 357; State v.
Jennings, 958 S.W.2d 930, 932-33 (Tex. App.--Amarillo 1997, no pet.).

 In its first two points of error, the State contends that the officer had reasonable
grounds to stop appellee's truck under his "community caretaking" duty, which the United States
Supreme Court has recognized as a reasonable basis for an investigatory detention. In Cady v.
Dombrowski, 413 U.S. 433 (1973), the U.S. Supreme Court recognized a community caretaking
exception to the warrant requirement of the Fourth Amendment. In Cady, police arrived at the scene
of an automobile accident. When the driver informed the officers that he was a Chicago police
officer, the officers arranged to have his automobile towed to a privately owned garage. The driver
was subsequently charged with drunken driving and the officers took him to the hospital. Because
the officers were not able to find the driver's service revolver at the scene of the accident, one of the
officers drove to the garage and searched the automobile without first obtaining a warrant. As a
result of the search, the officer uncovered evidence in the trunk of the car linking the driver to a
murder. The U.S. Supreme Court held that the search of the vehicle was not unreasonable solely
because a warrant had not been obtained. See id. at 448. The Court concluded that because the trunk
of the automobile, which the officer reasonably believed contained the driver's revolver, was
vulnerable to intrusion by vandals, the search was not unreasonable within the meaning of the Fourth
Amendment. Id.

 We do not need to decide, however, whether Texas law recognizes the "community
caretaking" doctrine. The Texas Court of Criminal Appeals recently addressed this issue within the
meaning of the Texas Constitution in Hulit v. State, 982 S.W.2d 431 (Tex. Crim. App. 1998). Police
were dispatched in response to a report of a "woman possibly having a heart attack in a vehicle." 
Id. at 432. The first officer to arrive found a pickup truck sitting in the inside lane of a service road
about fifty feet from an intersection. The officer testified that he saw an individual slumped over
the steering wheel of the truck. The truck engine was still running and the windows were rolled up. 
The officer approached the vehicle and began rapping on the window and yelling at the driver to
wake up. With the assistance of a second officer, the driver awakened and opened the door of the
pickup. The testifying officer smelled alcohol about the driver. Once the driver got out of the truck
at the officer's request, the truck began rolling backward. The trial court denied the driver's motion
to suppress. The court of appeals affirmed.

 On appeal before the court of criminal appeals, the driver argued against recognition
of a community caretaking exception to the warrant requirement in Article I, Section 9 of the Texas
Constitution. See id. at 434. The court of criminal appeals held "that Article I, Section 9 contains
no requirement that a seizure or search be authorized by a warrant, and that a seizure or search that
is otherwise reasonable will not be found to be in violation of that section because it was not
authorized by a warrant." Id. at 436. The court concluded that, based on the totality of the
circumstances, the officers' actions were not unreasonable. Id. at 438.

 Applying the standard of reasonableness established in Hulit, we hold that Sergeant
Pardinek acted lawfully when he stopped appellant's vehicle. Sergeant Pardinek responded to a
citizen's report that an individual was slumped over the wheel of his vehicle at an intersection. 
When, minutes later, he approached the vehicle, he saw the driver still slumped in his seat and
motionless. Once awakened, the individual proceeded down the street at approximately five miles
per hour. Sergeant Pardinek followed the driver for an extended period of time, signaling to the
driver several times before he pulled over. Considering the totality of the circumstances, we
conclude that Sergeant Pardinek's detention of appellant was reasonable. See Hulit, 982 S.W.2d at
436. Sergeant Pardinek's actions therefore did not violate Article I, section 9 of the Texas
Constitution. (1) Points of error one and two are sustained.

 The State's remaining two points of error are premised on this Court's finding that
a community caretaking exception applies under the circumstances of this case. Having concluded
that Sergeant Pardinek's actions were reasonable under the totality of the circumstances test
established by the court of criminal appeals in Hulit, which expressly does not recognize a
community caretaking exception to the warrant requirement, we need not address the State's third
and fourth points of error.

 The order suppressing evidence is reversed and the case is remanded to the district
court for further proceedings consistent with this opinion.



 

 J. Woodfin Jones, Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Reversed and Remanded

Filed: May 27, 1999

Do Not Publish

1. We note that Sergeant Pardinek also testified that he eventually came to suspect that
appellant might be intoxicated:


Q: Why did you decide to detain the defendant?


A: At that point in time, because of the total circumstances I decided to detain him
because I thought there was a possibility that he was drunk and driving the
vehicle.


We believe the record supports Pardinek's stop of appellant on that basis as well, but we base our
decision on Hulit because the State couched its point or error in terms of a "community
caretaking" function. We read Hulit to adopt a broad reasonableness standard for all warrantless
stops. See 982 S.W.2d at 436. In the present case, Pardinek's stop of appellant was valid under
either approach.


 fifty feet from an intersection. The officer testified that he saw an individual slumped over
the steering wheel of the truck. The truck engine was still running and the windows were rolled up. 
The officer approached the vehicle and began rapping on the window and yelling at the driver to
wake up. With the assistance of a second officer, the driver awakened and opened the door of the
pickup. The testifying officer smelled alcohol about the driver. Once the driver got out of the truck
at the officer's request, the truck began rolling backward. The trial court denied the driver's motion
to suppress. The court of appeals affirmed.

 On appeal before the court of criminal appeals, the driver argued against recognition
of a community caretaking exception to the warrant requirement in Article I, Section 9 of the Texas
Constitution. See id. at 434. The court of criminal appeals held "that Article I, Section 9 contains
no requirement that a seizure or search be authorized by a warrant, and that a seizure or search that
is otherwise reasonable will not be found to be in violation of that section because it was not
authorized by a warrant." Id. at 436. The court concluded that, based on the totality of the
circumstances, the officers' actions were not unreasonable. Id. at 438.

 Applying the standard of reasonableness established in Hulit, we hold that Sergeant
Pardinek acted lawfully when he stopped appellant's vehicle. Sergeant Pardinek responded to a
citizen's report that an individual was slumped over the wheel of his vehicle at an intersection. 
When, minutes later, he approached the vehicle, he saw the driver still slumped in his seat and
motionless. Once awakened, the individual proceeded down the street at approximately five miles
per hour. Sergeant Pardinek followed the driver for an extended period of time, signaling to the
driver several times before he pulled over. Considering the totality of the circumstances, we
conclude that Sergeant Pardinek's detention of appellant was reasonable. See Hulit, 982 S.W.2d at
436. Sergeant Pardinek's actions therefore did not violate Article I, section 9 of the Texas
Constitution. (1) Points of error one and two are sustained.

 The State's remaining two points of error are premised on this Court's finding that
a community caretaking exception applies under the circumstances of this case. Having concluded
that Sergeant Pardinek's actions were reasonable under the totality of the circumstances test
established by the court of criminal appeals in Hulit, which expressly does not recognize a
community caretaking exception to the warrant requirement, we need not address the State's third
and fourth points of error.

 The order suppressing evidence is reversed and the case is remanded to the district
court for further proceedings consistent with this opinion.