**The STATE of Texas, Appellant,**

v.

**Luis EXIGA, Appellee.**

**No. 13–00–00332–CR.**

Court of Appeals of Texas, Corpus Christi.

Jan. 10, 2002.

George P. Morrill, II, Dist. Atty., Martha W. Warner, Asst. Dist. Atty., Beeville, for appellant.

Joseph V. Collina, Corpus Christi, for appellee.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

FEDERICO G. HINOJOSA, Justice.

The State appeals from the trial court's order granting a motion to suppress filed by appellee, Luis Exiga. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp.2001). We affirm.

### A. STANDARD OF REVIEW

 When we review a trial court's ruling on a motion to suppress, we are required to give almost total deference to the trial court's factual determinations which are supported by the record, especially when they are based on an evaluation of credibility and demeanor. *Carmouche v. State*, 10 S.W.3d 323, 327–28 (Tex.Crim.App.2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). With mixed questions of law and fact which turn on an evaluation of credibility and demeanor, we should also defer to the trial court's ruling. *Guzman*, 955 S.W.2d at 89. However, we review *de novo* the court's application of the law to the facts. *Id.* Because the trial court did not make explicit findings of fact, we review the evidence in the light most favorable to the court's ruling and assume the court made findings that are supported by the record and buttress its conclusions. *Carmouche*, 10 S.W.3d at 327–28.

### B. BACKGROUND

Appellee was indicted for the offense of possession of more than five pounds but less than fifty pounds of marihuana. *See* Tex. Health & Safety Code Ann. § 481.121(a) (Vernon Supp.2001). Texas Department of Public Safety ("DPS") Trooper Christopher McGuairt testified at the hearing on appellee's motion to suppress that he spotted an "older model Dodge Ram Charger" with "extremely dark" reflective "mirror-type" window tint, which he knew to be "illegal." McGuairt

stopped the vehicle because of its window tint, obtained consent to search the vehicle, and discovered some thirty-eight pounds of marihuana.[1] The trooper did not use his window tint meter to measure the opacity of the tint because he "knew already that a violation had been committed," and because the device does not measure reflective window tint. The truck was a 1985 Dodge Ram Charger with Texas license plates.

Appellee argued that because the statute criminalizing the utilization of certain types of vehicle window tint specifically does not apply to 1985 vehicles, the traffic stop was invalid, and the marihuana should be suppressed. The State argued that (1) administrative rules promulgated by DPS establishing vehicle window tint standards specifically apply to pre–1988 vehicles, (2) appellee's vehicle was in violation of those rules, and (3) the traffic stop was valid. The trial court granted appellee's motion to suppress, and this appeal ensued.

In a single issue, the State contends the DPS has "the authority … to make rules and regulations to expand the Transportation Code Section 547.613 to prohibit tint on all vehicles in Texas regardless of the age of the vehicle."

### C. Applicable Law

#### 1. Traffic Stops

■ If an officer has reason to suspect that "criminal activity may be afoot," something less than probable cause is needed for an investigatory stop. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *McVickers v. State*, 874 S.W.2d 662, 664 (Tex.Crim.App.1993) (officer may lawfully stop and detain a person for a traffic violation); *see Garcia*

*v. State*, 827 S.W.2d 937, 944 (Tex.Crim. App.1992) (as long as actual violation occurs, police are free to enforce law and detain person for that violation, regardless of officers' subjective reasons); *Howard v. State*, 888 S.W.2d 166, 172 (Tex.App.-Waco 1994, pet. ref'd) (stop is lawful if officer has reasonable suspicion of traffic violation either on the automobile or by one of the automobile's occupants).

■ Reasonable suspicion is defined as "something less than probable cause." *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim.App.1997). Reasonable suspicion requires that "there is something out of the ordinary occurring and some indication that the unusual activity is related to crime." *Viveros v. State*, 828 S.W.2d 2, 4 (Tex.Crim.App.1992). The articulated facts that support a temporary detention must be taken as a whole, and the reasonable suspicion formed must be based on the totality of the circumstances. *Woods v. State*, 956 S.W.2d 33, 38 (Tex.Crim.App. 1997). If an officer develops a reasonable suspicion that a motorist is engaged in, or soon will engage in criminal activity, he may continue to detain him for investigation unrelated to the initial traffic stop. *Davis*, 947 S.W.2d at 245. It is well settled that a traffic violation committed in an officer's presence authorizes an initial stop. *Armitage v. State*, 637 S.W.2d 936, 939 (Tex.Crim.App.1982); *see United States v. Castillo*, 76 F.3d 1114, 1117 (10th Cir.1996) (officer stopped driver for window tint violation and subsequent consent search revealed illegal drugs).

#### 2. Vehicle Window Tint

■ It is a misdemeanor to attach to the windows of a motor vehicle "a trans-

---

**1.** Appellee specifically reserved the right to contest the voluntariness of the search at a

later time, if necessary.

parent material that alters the color or reduces the light transmission," except as specifically allowed by statute. TEX. TRANSP. CODE ANN. § 547.613(a), (b) (Vernon 1999). However, these provisions do not apply to a motor vehicle with a manufacturer's model year before 1988. TEX. TRANSP. CODE ANN. § 547.613(b)(13) (Vernon 1999). Clearly, the Legislature intended to criminalize only the application of certain window tints to vehicles of a manufacturer's model year of 1988 and later.

The Legislature gave DPS the authority to "adopt rules necessary to administer ... chapter [547]." TEX. TRANSP. CODE ANN. § 547.101(a) (Vernon 1999). It also authorized DPS to "adopt standards for vehicle equipment to: (1) protect the public from unreasonable risk of death or injury; and (2) enforce safety standards of the United States as permitted under the federal motor vehicle act." TEX. TRANSP. CODE ANN. § 547.101(b) (Vernon 1999). However, the Legislature has specifically forbidden DPS from adopting "a vehicle equipment standard inconsistent with a standard provided by this chapter." TEX. TRANSP. CODE ANN. § 547.101(d) (Vernon 1999).

DPS has enacted regulations concerning vehicle window tint "applicable to motor vehicles if the manufacturer's model year is before 1988." 21 TEX. ADMIN. CODE § 21.1(b)(7)(2001) (Dept. of Public Safety Equipment & Vehicle Standards). "Manufacturer's model year of a motor vehicle 1988 and later shall comply with the provisions of [chapter 547 of the transportation code]." *Id.* at § 21.1(b)(9).

The question raised here is whether DPS had the authority to issue regulations forbidding certain window tints on pre–1988 vehicles when the enabling legislation clearly exempts those vehicles from having to comply with the statute.

## D. ANALYSIS

The Texas Legislature may delegate its power to administrative agencies established to carry out legislative purposes. *Edgewood Indep. Sch. Dist. v. Meno,* 917 S.W.2d 717, 740 (Tex.1995). Generally, an administrative agency is a creation of the legislature and, as such, has only those powers expressly conferred and those necessary to accomplish its duties. *State v. Pub. Util. Comm'n of Tex.,* 883 S.W.2d 190, 194 (Tex.1994); *State v. Jackson,* 376 S.W.2d 341, 344 (Tex.1964). An agency can adopt only such rules as are authorized by and consistent with its statutory authority. *Railroad Comm'n of Tex. v. Lone Star Gas Co.,* 844 S.W.2d 679, 685 (Tex.1992). An agency's authority to promulgate rules and regulations "may be expressly conferred on it by statute or implied from other powers and duties given or imposed by statute." *Id.* The only requirement is that an agency's rules must be consistent with the laws of this state. *Id.; Gerst v. Oak Cliff Sav. & Loan Ass'n,* 432 S.W.2d 702, 706 (Tex.1968). The rule-making power of administrative agencies does not permit the enactment of regulations which are inconsistent with the expression of the lawmakers' intent in statutes other than those under which the regulations are issued. *Jackson,* 376 S.W.2d at 345. The determining factor in whether a particular administrative agency has exceeded its rule-making powers is that the rule's provisions must be in harmony with the general objectives of the legislation involved. *Lone Star Gas,* 844 S.W.2d at 685; *Gerst,* 432 S.W.2d at 706.

Furthermore, we must strictly construe an agency's rule-making authority when we review a regulation that is penal in nature. *Land v. State,* 581 S.W.2d 672, 674 (Tex.Crim.App.1979). Strict construction forces us to look at the

clear language of the guidelines established by the legislature permitting the regulation. *Id.* Therefore, we must determine the scope of the authority of the DPS, both express and implied, to enact rule 21.1(b). *See Public Util. Comm'n,* 883 S.W.2d at 194.

The precursor to chapter 547 was enacted in 1987; it became effective September 1, 1987. *See* Act of May 21, 1987, 70th Leg., R.S., ch. 235, 1987 Tex. Gen. Laws 1538 (amended 1995) (current version at Tex. Transp. Code Ann. § 547.613(Vernon 1999)).[2] The statute exempted pre–1988 vehicles from compliance. *Id.* Therefore, from the very inception of this statute, the legislature never intended its provisions to apply to pre–1988 vehicles.

Chapter 547 specifically allows DPS (1) to promulgate rules necessary to administer chapter 547 and (2) to adopt standards for vehicle safety equipment in the interest of public safety. However, the statute specifically forbids DPS from adopting a vehicle equipment standard inconsistent with chapter 547, and it specifically exempts pre–1988 vehicles from compliance with the window tint standards mandated therein.

### E. Conclusion

We hold that DPS administrative rule 21.1(b) is inconsistent with the legislative mandate set forth in chapter 547, and that DPS exceeded its rule-making authority with respect to vehicle window tint standards for pre–1988 vehicles. Accordingly, we agree with appellee that a valid traffic stop could not have been predicated on "illegal" window tint present on a 1985 vehicle. For these reasons, we overrule the State's sole issue.

**2.** The original statute, formerly Tex. Rev. Civ. Stat. Ann. art. 6701d § 134C, was codified into

We affirm the trial court's order granting appellee's motion to suppress.

the transportation code in 1995.