

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

**This opinion has been withdrawn and replaced by Attorney General Opinion GA-0092A.**

August 20, 2003

Douglas A. Beran, Ph.D.
Executive Director
State Board of Barber Examiners
5717 Balcones Drive, Suite 217
Austin, TX 78731

Opinion No. GA-0092

Re: Use of the Barber School Tuition Protection Account administered by the State Board of Barber Examiners (RQ-0024-GA)

Dear Dr. Beran:

On behalf of the State Board of Barber Examiners (the "Board"), you ask two questions concerning the barber school tuition protection account (the "account") established by Occupations Code section 1601.3571.[1]

Section 1601.3571, added in 2001 by the Seventy-seventh Texas Legislature, reads as follows:

> (a) If on January 1 of any year the amount in the barber school tuition protection account is less than $25,000, the board shall collect a fee from each barber school during that year by applying a percentage to the school's renewal fee at a rate that will bring the balance of the account to $25,000.
>
> (b) The comptroller shall invest the account in the same manner as other state funds. Sufficient money from the account shall be appropriated to the board for the purpose of refunding unused tuition if a barber school ceases operation before its course of instruction is complete. *The board shall administer claims made against the account.*
>
> (c) Attorney's fees, court costs, or damages may not be paid from the account.
>
> (d) The barber school tuition protection account *is created as a trust fund with the comptroller, who is custodian of the fund.*

---

[1]*See* Letter from Douglas A. Beran, Ph.D., Executive Director, State Board of Barber Examiners, to Opinion Committee, Office of Attorney General (Mar. 7, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

TEX. OCC. CODE ANN. § 1601.3571 (Vernon 2003) (emphasis added). The section was added, according to the legislative history, so that unused tuition could be refunded "if a barber school ceases operation before its course of instruction is complete." SEN. RESEARCH CENTER, BILL ANALYSIS, Tex. S.B. 660, 77th Leg., R.S., § 10 (2001) at 2.

You ask first whether students "that receive federal money . . . for their barber school tuition (as opposed to students who pay their own tuition)" are eligible for tuition protection. Request Letter, *supra* note 1, at 1. We cannot, of course, determine in any particular instance who may be a proper claimant for such funds. It may, for example, be the federal government itself that has the right to be reimbursed in some instances, rather than the student. However, nothing in the statutory language limits the kind or source of tuition funds that may be refunded. We cannot add a qualification not found in the statute. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 867 (Tex. 1999) (courts may "add words into a statutory provision only when necessary to give effect to clear legislative intent"). The only statutory requirement is that "unused tuition" must be refunded. TEX. OCC. CODE ANN. § 1601.3571(b) (Vernon 2003). The board is given the duty and authority to administer claims against the fund, and consequently, to determine the validity of any particular claim. But, as with any administrative agency, the board does not have the authority to impose new requirements or burdens not contemplated by the statute. *State v. Exiga*, 71 S.W.3d 429, 433 (Tex. App.–Corpus Christi 2002, no writ); *R.R. Comm'n. v. Arco Oil & Gas Co.*, 876 S.W.2d 473, 481 (Tex. App.–Austin 1994, writ denied).

Your second question is, "Under what circumstances may [the account] be used now to protect eligible students."[2] Request Letter, *supra* note 1, at 1. As you note, "The Barber Board does not have appropriation authority to disburse funds from the account." *Id.* As we understand it, your concern, therefore, is how these moneys may be disbursed for the purpose for which the account was created.

Ordinarily, moneys cannot be disbursed from the treasury without appropriation authority. Article VIII, section 6 of the Texas Constitution provides that "[n]o money shall be drawn from the Treasury but in pursuance of specific appropriations made by law . . . ." TEX. CONST. art. VIII, § 6. However, trust funds held outside the treasury for the benefit of a particular group may be expended without legislative appropriation, because such funds "do not belong to the state in its sovereign capacity." *Friedman v. Am. Sur. Co. of New York*, 151 S.W.2d 570, 579 (Tex 1941); Tex. Att'y Gen. Op. Nos. GA-75 (2003) at 7, JM-539 (1986) at 4, JM-427 (1986) at 4; Tex. Att'y Gen. LO-92-68, at 2. The general indicia of such trust funds are:

> (1) that they are administered by a trust or trustees, (2) that the assets are neither granted to the state in its sovereign capacity nor collected for the general operation of state government, and (3) that they are to be spent and invested for specific, limited purposes and for the benefit of a specific group of individuals.

Tex. Att'y Gen. Op. No. JM-300 (1985) at 2.

---

[2]Again, as noted above, others besides students may in certain instances have claims against the fund.

The fund in question is maintained solely for the purpose of making the tuition refunds that may become necessary and is for the benefit only of those who may be eligible, as determined by the board, for such refunds. The fund is moreover specifically denominated a trust fund by section 1601.3571(d). *See* TEX. OCC. CODE ANN. § 1601.3571(d) (Vernon 2003). Accordingly, the strictures of article VIII, section 6 do not apply to it.

The statute gives the authority to "administer claims made against the account" to the board. *Id.* § 1601.3571(b). However, the account is, as we have noted above, "a trust fund with the comptroller, who is custodian of the fund." *Id.* § 1601.3571(d). Accordingly, it is the comptroller, in the exercise of her authority over the fund as outlined in section 404.069 of the Government Code, who has the power to disburse moneys from the fund. Under section 404.069, trust fund moneys are held "in the same manner as the departmental suspense account." TEX. GOV'T CODE ANN. § 404.069(a) (Vernon Supp. 2003). They may be "withdrawn only on a warrant drawn or an electronic funds transfer initiated by the comptroller." *Id.*

Section 1601.3571(b) requires that "[s]ufficient money from the account shall be appropriated to the board for the purpose of refunding unused tuition if a barber school ceases operation before its course of instruction is complete." TEX. OCC. CODE ANN. § 1601.3571(b) (Vernon 2003). Given that the source of revenues in the account is not the general revenue fund and that the sentence immediately preceding this one describes an obligation of the comptroller, we read this sentence as requiring the comptroller to set aside and disburse sufficient funds for this purpose from the trust account. When the board in its capacity as administrator determines the validity and amount of a claim against the fund, it should authorize the comptroller to prepare a warrant or an electronic funds transfer for that amount.

## S U M M A R Y

Claims for unused tuition from a barber school that ceases operation may be paid from the barber school tuition protection account regardless of the source of the unused tuition. The Board of Barber Examiners administers claims against the account. The account is created as a trust fund with the Comptroller of Public Accounts, who is responsible for disbursements by warrant or electronic funds transfer from the fund. Because the account is a trust fund, the strictures of article VIII, section 6 of the Texas Constitution do not apply to it.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee