

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 27, 2004

Mr. Wayne Thorburn
Commissioner
Texas Appraiser Licensing and
  Certification Board
Post Office Box 12188
Austin, Texas 78711-2188

Opinion No. GA-0253

Re: Whether the Texas Appraiser Licensing and Certification Board may adopt a rule establishing minimum education requirements for appraiser trainees (RQ-0207-GA)

Dear Commissioner Thorburn:

You ask whether the Texas Appraiser Licensing and Certification Board (the "board" or "TALCB") may adopt a rule establishing minimum education requirements for appraiser trainees.[1]

The Texas Appraiser Licensing and Certification Act, chapter 1103 of the Occupations Code (the "Act"), was enacted in 1991 to conform state law to the requirements of Title XI of the federal Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").[2] See TEX. OCC. CODE ANN. §§ 1103.001-.002 (Vernon 2004).[3] Subchapters B and C of the Act establish that TALCB "is an independent subdivision of the Texas Real Estate Commission," and is responsible for the administration of the Act. See id. §§ 1103.051-.059 (establishing TALCB), 1103.101 (TALCB "may delegate to the commissioner the responsibility for administering" the Act). Subchapter D provides TALCB with the power to adopt rules relating to appraiser licensing and certification. See id. §§ 1103.151-.154. Subchapter E establishes certificate and license requirements. See id. §§ 1103.201-.213. Subchapter H permits the board to authorize "a certified

---

[1]See Letter from Wayne Thorburn, Commissioner, Texas Appraiser Licensing and Certification Board, to Honorable Greg Abbott, Texas Attorney General, at 2 (Apr. 7, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]FIRREA was enacted by Congress in response to the savings and loan crisis to protect federal financial and public policy interests. *See* HOUSE COMM. ON FINANCIAL INSTITUTIONS, INTERIM REPORT TO THE SEVENTY-SECOND LEGISLATURE, at 48 (Nov. 1990). Title XI of FIRREA "is specifically designed to address the real estate appraisal industry," and provides the federal foundation for the certification and licensing of real estate appraisers at the state level. *Id.*; *see also* 12 U.S.C. §§ 3331-3352 (Title XI) (2000).

[3]*See* Act of May 24, 1991, 72d Leg., R.S., ch. 663, §§ 1-2, 6, 1991 Tex. Gen. Laws 2413, 2414, 2415, *recodified by* Act of May 22, 2001, 77th Leg., R.S., ch. 1421, § 2, §§ 1103.001-.554, 2001 Tex. Gen. Laws 4570, 4702.

appraiser . . . to sponsor an appraiser trainee," *id.* § 1103.351, and governs eligibility requirements for approval as an appraiser trainee, *see id.* § 1103.353.[4]

You assert that sections 1103.151 and 1103.152 authorize TALCB to adopt education requirements for appraiser trainees. *See* Request Letter, *supra* note 1, at 2. Section 1103.151 provides that TALCB may adopt:

> (1) rules for certifying or licensing an appraiser in this state that are in accordance with this chapter and consistent with, but not more stringent than, applicable federal law;

> (2) rules relating to the education and experience required for certifying or licensing an appraiser that are consistent with, but not more stringent than, the guidelines recognized by the Appraisal Subcommittee[.]

TEX. OCC. CODE ANN. § 1103.151 (Vernon 2004). Section 1103.152(b) provides that the board may:

> (1) establish certificate and license categories that are consistent with the categories recognized by the Appraiser Qualifications Board, the Appraisal Standards Board, and the Appraisal Subcommittee; and

> (2) prescribe qualifications for each category that are not more stringent than the qualifications established for that category by the Appraiser Qualifications Board, the Appraisal Standards Board, and the Appraisal Subcommittee.

*Id.* § 1103.152(b). Title XI of FIRREA establishes the Appraisal Subcommittee, which forms the core of "a complex oversight structure for real estate appraisals and appraisers that involves private, state, and federal entities." *See* U.S. GENERAL ACCOUNTING OFFICE, REGULATORY PROGRAMS, OPPORTUNITIES TO ENHANCE OVERSIGHT OF THE REAL ESTATE APPRAISAL INDUSTRY, at 1 (Mar. 24, 2004) [hereinafter GAO Report].[5] The Appraisal Subcommittee is responsible for monitoring and reviewing the "practices, procedures, activities, and organizational structure of the Appraisal Foundation." 12 U.S.C. § 3332 (2000) (functions of Appraisal Subcommittee). The Appraisal Foundation "provides the organizational framework for the [Appraisal Standards Board] and the [Appraisal Qualifications Board]," GAO Report at 5, which are independent boards of the Appraisal Foundation. *See id.* at 2-3. The Appraisal Standards Board is responsible for establishing "minimum standards for the development and reporting of real estate appraisals," *id.* at 5, while the Appraisal Qualifications Board ("AQB") is responsible for establishing "minimum qualification

---

[4]Subchapters F and G, which respectively provide for appraiser examinations and temporary appraisal authority for out-of- state appraisers, are not at issue in this request. *See* TEX. OCC. CODE ANN. §§ 1103.251-.303 (Vernon 2004).

[5]Effective July 7, 2004, the General Accounting Office became the Government Accountability Office. *See* GAO Human Capital Reform Act of 2004, Pub. L. 108-271, 118 Stat. 811 (2004).

criteria for certified appraisers" and recommends criteria applicable to licensed appraisers and appraiser trainees. *Id.*

TALCB's proposed rule would require a prospective trainee to "provide evidence of the successful completion of 75 classroom hours in courses approved by the board, including 15 classroom hours in a class devoted to the Uniform Standards of Professional Appraisal Practice," Request Letter, *supra* note 1, at 2 (emphasis omitted), and would be in conformity with current recommendations of the AQB. *See id.; see also* APPRAISAL QUALIFICATIONS BOARD, THE APPRAISAL FOUNDATION; THE REAL PROPERTY APPRAISER QUALIFICATION CRITERIA AND INTERPRETATIONS OF THE CRITERIA, at 2. You ask whether TALCB may adopt this education requirement.

"As a general rule, an administrative agency is a creation of the legislature and, as such, has only those powers expressly conferred and those necessary to accomplish its duties." *State v. Pub. Util. Comm'n*, 883 S.W.2d 190, 194 (Tex. 1994); *State v. Exiga*, 71 S.W.3d 429, 433 (Tex. App.–Corpus Christi 2002, no pet.). In addition, an administrative "'agency can adopt only such rules as are authorized by and consistent with its statutory authority,'" which "'may be expressly conferred on it by statute or implied from other powers and duties given or imposed by statute.'" *Exiga*, 71 S.W.3d at 433 (quoting *R.R. Comm'n of Tex. v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992)). "'The determining factor . . . whether [an agency] has exceeded its rule-making powers is that the rule's provisions must be in harmony with the general objectives of the Act involved.'" *Id.*

The proposed rule exceeds TALCB's statutory authority. Sections 1103.151 and 1103.152(b) authorize TALCB to prescribe qualifications for certificate and license categories. *See* TEX. OCC. CODE ANN. §§ 1103.151-.152(b) (Vernon 2004). It is clear under the Act, however, that a trainee does not hold a license or certificate. *See, e.g., id.* §§ 1103.003(7)-(8) (defining "state-certified real estate appraiser' or "certified appraiser" to mean "a person who is certified under this chapter," and "state-licensed appraiser" or "licensed appraiser" to mean "a person who is licensed under this chapter"); 1103.156(1), (5) (distinguishing certificate and licensing fees from appraiser trainee application fee); 1103.201(a)-(b) (a certificate or license is required in order to use its coordinating title).[6] In addition, subchapter E of the Act, which is devoted exclusively to certificate and license requirements, provides that applicants must fulfill experience, classroom, and exam requirements. *See id.* §§ 1103.201-.213. Provisions applicable to appraiser trainees are found exclusively in subchapter H. *See id.* §§ 1103.351-.355. The eligibility requirements for appraiser trainees set forth in section 1103.353 do not impose an education requirement:

To be eligible for approval as an appraiser trainee, an applicant must:

---

[6]TALCB rules define "license" as "[t]he whole or a part of any board permit, certificate, approval, registration or similar form of permission required by law," and "licensee" as "[a] person certified, licensed, approved, authorized or registered by the board under the Texas Appraiser Licensing and Certification Act." 22 TEX. ADMIN. CODE § 153.1(29)-(30) (2004). While TALCB suggests that this rule gives it the authority to treat a trainee as a license or certificate holder, *see* Request Letter, *supra* note 1, at 3, chapter 1103 does not support such a construction. *See Exiga*, 71 S.W.3d at 433 ("rulemaking power of administrative agencies does not permit the enactment of regulations which are inconsistent with the expression of the lawmakers' intent").

(1) be at least 18 years of age;

(2) be a citizen of the United States or a lawfully admitted alien;

(3) have been a resident of this state for the 60 days preceding the date the application is filed; and

(4) satisfy the board as to the applicant's honesty, trustworthiness, and integrity.

*Id.* § 1103.353. Nor is there a provision in subchapter H that authorizes the board to establish additional education requirements.[7]

TALCB suggests that a rule imposing additional education requirements for appraiser trainees is justified because AQB guidelines recommend that appraiser trainees obtain "75 classroom hours of courses in subjects related to real estate appraisals" prior to applying for approval as an appraiser trainee. *See* APPRAISAL QUALIFICATIONS BOARD, THE APPRAISAL FOUNDATION; THE REAL PROPERTY APPRAISER QUALIFICATION CRITERIA AND INTERPRETATIONS OF THE CRITERIA, at 2; Request Letter, *supra* note 1, at 2; *see also* TEX. OCC. CODE ANN. §§ 1103.002 (Vernon 2004) ("purpose of this chapter is to conform state law relating to the regulation of real estate appraisers to the requirements adopted under Title XI" of FIRREA), 1103.152(b) (authorizing the board to "establish certificate and license categories" and "prescribe qualifications for each category that are not more stringent than the qualifications established for that category by the Appraiser Qualifications Board, the Appraisal Standards Board, and the Appraisal Subcommittee"). However, although Title XI requires states to follow AQB criteria for appraiser certification, *see* 12 U.S.C. § 3345(a)-(b) (2000), "Title XI does not require states to adhere to AQB criteria for licensed appraisers or for trainees." GAO Report at 6.[8]

In sum, chapter 1103 of the Occupations Code does not authorize TALCB to adopt a rule establishing education requirements for appraiser trainees, and federal law does not require it.

---

[7]Section 1103.208 provides that the board shall "issue a license under this section" to an applicant for appraiser trainee classification "who has complet[ed] the classroom education requirements" and has "passe[d] the examination required by Subchapter F" but "has failed to secure sponsorship from at least two certified appraisers." TEX. OCC. CODE ANN. § 1103.208 (Vernon 2004). Section 1103.208 is part of subchapter E concerning certificate and licensing requirements and does not authorize the board to impose additional education requirements for appraiser trainees under subchapter H.

[8]*See also* 12 U.S.C. § 3345(e) (2000) ("The Appraisal Subcommittee *shall not* set qualifications or experience requirements for the States in *licensing* real estate appraisers, including a de minim[i]s standard. Recommendations of the Subcommittee *shall be nonbinding* on the States.") (emphasis added, footnote omitted). Title XI does not provide for an appraiser trainee classification. *See id.* §§ 3331-52. The appraiser trainee classification was "adopted by the AQB in 1993," and thus, the "authority to develop requirements for . . . Trainee classifications is vested in the individual states, territories, and possessions." APPRAISAL QUALIFICATIONS BOARD, THE APPRAISAL FOUNDATION; THE REAL PROPERTY APPRAISER QUALIFICATION CRITERIA AND INTERPRETATIONS OF THE CRITERIA, at 1.

### S U M M A R Y

The Texas Appraiser Licensing and Certification Board may not adopt a rule establishing minimum education requirements for appraiser trainees.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary Crouter
Assistant Attorney General, Opinion Committee