Jeffrey M. **VIVEROS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1238–90.

Court of Criminal Appeals of Texas, En Banc.

Feb. 26, 1992.

Rehearing Denied April 15, 1992.

---

Joel B. Johnson, Sinton, for appellant.

Thomas L. Bridges, Dist. Atty., and Patrick L. Flanigan, Asst. Dist. Atty., Sinton, Robert Huttash, State's Atty. and Matthew W. Paul, Asst., State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of possession of cocaine and sentenced to ten years confinement, probated for seven years. The Court of Appeals reversed the conviction, finding that the trial court erred in failing to suppress the evidence. *Viveros v. State,* 799 S.W.2d 458 (Tex.App.—Corpus Christi 1990). The District Attorney (DA) and the State Prosecuting Attorney (SPA) have each filed petitions for discretionary review. Ground one of the DA's petition and ground four of the SPA's petition allege that the Court of Appeals erred in holding that the stop of appellant's automobile was unjustified because police had no reasonable suspicion to believe he was engaged in criminal activity. We granted both petitions to address this issue.

On November 13, 1988, Department of Public Safety Troopers Danny Lorberau and Kelly Manning were on routine patrol on Interstate Highway 37. They were traveling in the inside southbound lane, working a moving radar check. Appellant's vehicle approached them from behind at what the officers testified was a "high rate of speed." Appellant testified that he was traveling 65 miles per hour. The officers each stated that they were traveling at 45 to 50 miles per hour. As appellant passed the patrol car, appellant immediately reduced his speed to 45 miles per hour, then maintained that speed for approximately three-quarters of a mile, at which time he was stopped by the officers.

Officer Lorberau shined his light into the car as he approached the driver, and noticed what appeared to be a half-burned marihuana cigarette in the ashtray. After getting appellant's consent to search the vehicle, the officer discovered both cocaine and more marihuana.

Both the DA and the SPA argue that the officers had a reasonable suspicion that appellant was engaged in criminal activity. They also argue that the search and seizure were valid under the plain view doctrine and because appellant consented to the search. The Court of Appeals held that

the plain view doctrine did not apply, and that the consent was invalid because it was not sufficiently attenuated from the illegal stop. *Viveros, supra,* at 460–461. Having considered the briefs and the record, we find no error in the opinion of the Court of Appeals.

If there was reason to search the vehicle, it came from viewing the half-burned marihuana cigarette in the ashtray. At the point when he viewed the marihuana, Officer Lorberau was in a position to view the marihuana solely because of the traffic stop. Similarly, appellant's consent to the search arose directly from the stop. If the stop was illegal, it does not matter that the marihuana was in plain view or that appellant consented to the search, as both flow directly from the stop, and their validity is dependent on the validity of the stop. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

■■■ For a stop to be legal under the reasonable suspicion standard, there must exist articulable facts used by the officer to create some reasonable inference of criminal conduct. *Garza v. State,* 771 S.W.2d 549, 558 (Tex.Cr.App.1989). *Garza* explains that this means there must be a reasonable suspicion that there is something out of the ordinary occurring and some indication that the unusual activity is related to crime. *Id.* There are no such indications present in this case. The arresting officer testified that he stopped appellant because of "suspicious behavior." The behavior to which the officer referred was *not* that appellant may have been speeding, but that he slowed to a speed well within the posted speed limit, and then continued at that speed until he was stopped approximately three-quarters of a mile later. *Viveros, supra,* at 460. The officer admitted that there was nothing erratic about appellant's driving, but insisted that it was unusual for a person to slow down so much in this type of situation.

Both officers testified that appellant slowed immediately and braked "fast." This leads to nothing more than an inference that there was "something out of the ordinary" occurring. *Garza, supra,* at

558. *Garza,* however, also requires that the investigating officer have a reasonable belief that the suspicious activity is related to crime, and neither officer pointed to anything which would lead a reasonable person to believe that appellant was engaged in any criminal act. Officer Manning admitted on cross-examination that the only reason he stopped appellant was that he slowed down after he had passed the patrol car. When asked specifically whether the "suspicious activity" would reasonably show that appellant was guilty of some criminal violation, the officer responded, "[N]o, I just wanted to check him out and make sure everything was okay." It is clear from the testimony of the officers that appellant was not stopped because he may have been speeding, but rather that he was driving very slowly. It should also be noted that he reduced his speed to match the speed of the officers' patrol car. We are unwilling to find that driving in the manner which appellant did after he passed the patrol car "well within the speed limit" is suspicious activity which would create a reasonable belief that such activity is related to crime. *Ibid.*

We conclude that the Court of Appeals was correct in determining that the detention in this case was not supported by sufficient articulable facts giving rise to a reasonable belief that appellant was engaged in criminal activity. The stop in this case was illegal. As both the plain view sighting of the marihuana and appellant's consent to the search are fruits of such search, the evidence obtained in the search should have been suppressed.

The judgment of the Court of Appeals is affirmed.

McCORMICK, P.J., dissents.

OVERSTREET and BENAVIDES, JJ., not participating.