IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-070-CR




GLOVER OTHO AMACKER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW OF COMAL COUNTY, 



NO. 91CR-270, HONORABLE FRED CLARK, JUDGE PRESIDING


 





PER CURIAM

 After appellant pleaded no contest, the county court at law found him guilty of
driving while intoxicated and assessed punishment at incarceration for 180 days and a $750 fine,
probated. Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (West Supp. 1992). In his only point of error,
appellant contends the court erred by overruling his motion to suppress evidence. See Lemmons
v. State, 818 S.W.2d 58 (Tex. Crim. App. 1991).

 On the night of August 22, 1990, New Braunfels police officer Montgomery Kama
stopped at a convenience store on Interstate 35 during the course of his routine patrol. The store
attendant told him that the customer who had just driven away had exhibited unusual behavior. 
"She said she had to show the subject how to turn the pump on and -- the gas pump, and she
watched him, his actions. She just said he was acting a little strange." The attendant also stated
that she thought the customer might be intoxicated.

 The officer, who had seen the car in question as it left the convenience store,
pursued the vehicle to see if the driver had a medical problem or "if there was something wrong." 
As he approached the subject car, Kama saw it swerve from the shoulder of the highway to the
center line several times. Kama testified that he thought the driver might be having steering
problems and decided to stop the car to "check on the driver." Appellant was the driver of the
vehicle. As Kama spoke to him, he noticed that appellant's eyes were bloodshot, his speech was
slurred, and he had the odor of alcoholic beverage on his breath. The officer asked appellant to
exit the automobile, and saw that appellant staggered when he walked. After appellant failed field
sobriety tests, he was arrested.

 An officer may stop and temporarily detain a motorist if he has a reasonable
suspicion, based on articulable facts, that criminal conduct is occurring. Viveros v. State, 828
S.W.2d 2, 4 (Tex. Crim. App. 1992). In Viveros, the court held that a stop was unlawful where
the officer's only reason for stopping the defendant was that he had slowed his vehicle after
passing the officer's patrol car. Appellant urges that, as in Viveros, the officer in this cause did
not have sufficient facts to give rise to a reasonable suspicion of criminal activity. We disagree.

 Kama was told by the convenience store clerk that appellant's behavior was unusual
and that he might be intoxicated. The officer witnessed appellant's vehicle swerve from the
shoulder to the center of the highway several times. We conclude that these facts gave the officer
a reasonable basis for suspecting that appellant was driving while intoxicated and warranted the
stop and detention for further investigation. Under the circumstances, we need not decide
whether, as the State argues, the officer's action was justified under a public safety or emergency
doctrine. See McDonald v. State, 759 S.W.2d 784 (Tex. App.--Fort Worth 1988, no pet.); see
also Garcia v. State, 827 S.W.2d 937, 943 (Tex. Crim. App. 1992) (validity of stop determined
solely by objective facts). The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed:  October 28, 1992

[Do Not Publish]