TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00197-CR







The State of Texas, Appellant



v.



Jessie Lewis, Jr., Appellee








FROM THE COUNTY COURT AT LAW NO. 2 OF TOM GREEN COUNTY


NO. 98-02840-L2, HONORABLE PENNY ANNE ROBERTS, JUDGE PRESIDING








 Jessie Lewis, Jr., appellee, was charged with driving while intoxicated. Appellee
filed a motion to suppress evidence obtained after his car was stopped. The trial court granted
the motion. The State appeals, (1) complaining that the trial court erroneously applied a probable-cause standard rather than a reasonable-suspicion standard and that the evidence is sufficient to
show reasonable suspicion. We will affirm the trial court's order.


FACTUAL AND PROCEDURAL BACKGROUND

 Officer Shawn Richey of the San Angelo Police Department was assigned to the
Driving While Intoxicated (DWI) Selective Traffic Enforcement Program (STEP). On August 22,
1998, while on DWI patrol, driving south on Martin Luther King Drive in San Angelo, Officer
Richey saw a car cross through an intersection driving north on Martin Luther King Drive. 
Officer Richey turned his car around, activated his warning lights, and stopped the car, which was
being driven by appellee. After detaining appellee and conducting an investigation, Officer
Richey arrested appellee for DWI.

 Appellee filed a motion to suppress the evidence gained after he was stopped,
premised on the contention that the stop was an unlawful search and seizure. See U.S. Const.
amend. IV, XIV; Tex. Const. art. I, § 9. Appellee alleged that, considering the "totality of the
circumstances," Officer Richey did not have reasonable suspicion to stop his car, so any evidence
obtained as a result of the stop should be suppressed. After hearing the testimony of Officer
Richey and reviewing the exhibits, the trial court granted appellee's motion. The State perfected
an appeal from the order granting appellee's motion.


DISCUSSION

 In its single issue on appeal, the State contends the trial court should have applied
the legal standard of reasonable suspicion and instead erroneously applied a probable-cause
standard. The trial court's order recited that "the State had neither probable cause nor reasonable
suspicion to stop the defendant." The State's primary argument, however, seems to be that the
record contains ample evidence to show reasonable suspicion. In any event, we will address
whether the evidence was sufficient to show that Officer Richey had reasonable suspicion to stop
appellee's car. Because reasonable suspicion is a lower standard than probable cause, if the
officer had no reasonable suspicion for the stop, it goes without saying that he also did not have
probable cause.

 In Terry v. Ohio, 392 U.S. 1 (1968), the United States Supreme Court held that
something less than probable cause was needed for an investigatory stop if the Officer had good
reason to suspect that "criminal activity may be afoot." Terry, 392 U.S. at 30. In Texas, that
"something less than probable cause" is defined as reasonable suspicion. See Davis v. State, 947
S.W.2d 240, 244 (Tex. Crim. App. 1997). Reasonable suspicion requires "that there is something
out of the ordinary occurring and some indication that the unusual activity is related to crime." 
Viveros v. State, 828 S.W.2d 2, 4 (Tex. Crim. App. 1992) (citing Garza v. State, 771 S.W.2d
549, 558 (Tex. Crim. App. 1989)). The articulated facts that support a temporary detention must
be taken as a whole, and the reasonable suspicion formed based on the "totality of the
circumstances." See Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); see also United
States v. Cortez, 449 U.S. 411, 417 (1981).

 The State cites two conflicting standards for reviewing determination of probable
cause and reasonable suspicion, urging us to employ both a de novo and an abuse-of-discretion
standard of review. The appropriate standard of review for a motion to suppress was recently
clarified by the Texas Court of Criminal Appeals. Relying on Guzman v. State, 955 S.W.2d 85
(Tex. Crim. App. 1997), the court applied a bifurcated standard of review, giving almost total
deference to the trial court's finding of historical facts, but conducting a de novo review of the
application of law to those facts. See Carmouche v. State, No. 0614-99, slip op. at 5 (Tex. Crim.
App. Jan. 26, 2000). As in Carmouche, the trial court in the present case did not make explicit
findings of fact; therefore, we must assume the trial court made "implicit findings of fact
supported in the record that buttress its conclusion." Id. In other words, in reviewing the factual
basis for the trial court's ruling, we will review the evidence in a light most favorable to the
ruling. See id. We will then review de novo the trial court's application of the relevant
standards. See id.

 Officer Richey testified that he witnessed appellee's car proceed through a "stale"
yellow light near or above the speed limit; that he then saw appellee's car proceed on a course
that, if not corrected, would take him off the road, possibly into a curb or a building; and that,
just before the car would have run off the road, it made a sudden correction back to the left. 
Officer Richey testified that at this point he turned his car around, activated his emergency lights,
and stopped appellee. He then conducted an investigation, which provided the information that
led to appellee's arrest.

 During the extensive cross-examination of Officer Richey, the location of the curb,
the speed limit, and the lighting at the intersection were all called into question. For example,
Officer Richey testified that appellee had run the yellow light, even though no reference to the
light was made in the arrest report; on direct examination, the officer was unwilling to state he
had a recollection of the incident independent of the report.

 Officer Richey was the only witness to testify at the hearing on appellee's motion
to suppress. Because the trial court granted the motion to suppress, the mandate that we view the
facts in the light most favorable to the ruling requires us to presume that the court doubted the
credibility of this witness and discounted his testimony. With no other evidence offered by the
State to show the stop was lawful, a de novo review supports the court's granting of appellee's
motion to suppress.


CONCLUSION



 Giving deference to the trial court's determination of background facts and finding
no error in the court's application of law to those facts, we affirm the trial court's order
suppressing the evidence gained after appellee was stopped.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: March 23, 2000

Do Not Publish

1. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2000).


rry, 392 U.S. at 30. In Texas, that
"something less than probable cause" is defined