**Michael Marvin McKITTRICK,**
**Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–03–00056–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 19, 2004.

502

C. Logan Dietz, Michael Marvin McKittrick, Houston, TX, for appellant.

Charles A. Rosenthal, Jr., District Attorney—Harris County, Dan McCrory, Assistant District Attorney, William J.

Delmore, III, Chief Prosecutor, Appellate Division, Houston, TX, for appellee.

Panel consists of Justices ALCALA, HANKS, and HEDGES.[1]

## OPINION.

GEORGE C. HANKS, JR., Justice.

Appellant, Michael Marvin McKittrick, pleaded guilty to driving while intoxicated (DWI). Pursuant to an agreed plea bargain with the State, the trial court sentenced him to confinement for 180 days, probated for one year of community supervision, and a $300 fine. In his sole point of error, appellant contends that the trial court erred in denying his motion to suppress evidence. We affirm.

### Factual Background

Appellant was arrested for DWI. He was riding a motorcycle, and the sole reason for initially detaining him was that he was not wearing a helmet. No live testimony was presented on appellant's motion to suppress. Rather, the parties entered an agreed stipulation of evidence which provides the following:

> On August 22, 2002, at approximately 3:23 a.m., in Harris County, Texas Officer C.D. Cummings stopped the defendant, Michael Marvin McKittrick[,] who was riding a motorcycle, because he was not wearing a helmet and was not displaying a sticker issued by the Department of Public Safety indicating that he had presented evidence satisfactory to the Department that he was over 21 years old, had completed a motorcycle training and safety course or was covered by a health plan.

1. The Honorable Adele Hedges, formerly Justice of the Court of Appeals, First District of Texas at Houston, became Chief Justice of the Court of Appeals, Fourteenth District of Texas at Houston on December 8, 2003 and continues to participate by assignment for the disposition of this case, which was submitted on December 1, 2003.

At the time of the stop the defendant was 42 years old and demonstrated his compliance with Transportation Code 661.003 by showing evidence that he was covered by a health insurance plan as described in the statute.

After a subsequent investigation the officer placed the defendant under arrest for driving while intoxicated in this case.

## Motion to Suppress

■ Appellant contends that the trial court erred in denying his motion to suppress any evidence obtained from or about his person or motorcycle. He contends that the officer detained him with no reasonable suspicion that he was engaged in criminal activity.

Generally, a trial court's ruling on a motion to suppress is reviewed by an abuse of discretion standard. *Oles v. State*, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). However, where as here, a case presents a question of law based upon undisputed facts, we apply a *de novo* review. *Id.*

### Reasonable Suspicion

The general rule is that we should afford almost total deference to a trial court's determination of the historical facts that the record supports, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim.App.1997). We are also to afford such deference to a trial court's ruling on the "application of law to fact questions" if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* Questions not turning on credibility and demeanor may be reviewed by appellate courts *de novo*. *Id.*

■ A police officer may lawfully stop a motorist who commits a traffic violation. *McVickers v. State*, 874 S.W.2d 662, 664 (Tex.Crim.App.1993). A routine traffic stop closely resembles an investigative detention. *Berkemer v. McCarty*, 468 U.S. 420, 437, 104 S.Ct. 3138, 3149, 82 L.Ed.2d 317 (1984). An investigative detention is a seizure under which the citizen is not free to leave, *Francis v. State*, 922 S.W.2d 176, 178 (Tex.Crim.App.1996); thus, it must be reasonable to meet the standards required by the United States and Texas Constitutions. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9.

■ To determine the reasonableness of an investigative detention, we apply the guidelines set out by the United States Supreme Court in *Terry v. Ohio*: (1) whether the officer's action was justified at its inception; and (2) whether it was reasonably related in scope to the circumstances that initially justified the interference. *See Davis v. State*, 947 S.W.2d 240, 242 (Tex.Crim.App.1997) (citing *Terry v. Ohio*, 392 U.S. 1, 19–20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968)). Appellant does not challenge whether the scope of the detention was reasonably related to the circumstances justifying the initial stop; rather, he contends that the stop was made without adequate justification.

■ To make an investigative detention, an officer must have a reasonable suspicion; that is, the officer must be able to point to specific, articulable facts that, taken together with rational inferences from those facts, reasonably warrant the detention. *Id.* at 242–43. In evaluating the reasonableness of an investigative detention, we must apply an objective standard by asking whether, in light of the officer's experience, the facts available would justify a person of reasonable caution in believing the action taken was appropriate. *Id.* at 242. In short, reasonable suspicion requires that "there is something out of the ordinary occurring and some indication that the unusual activ-

ity is related to crime." *Id.* at 244 (quoting *Viveros v. State,* 828 S.W.2d 2, 4 (Tex. Crim.App.1992)).

Appellant contends that the officer was not justified in making the stop because an officer cannot stop a motorcycle operator for failing to wear a helmet. However, the Transportation Code makes it an offense to operate a motorcycle on a public street or highway without protective headgear. TEX. TRANSP. CODE ANN. § 661.003(a) (Vernon Supp.2004). The statute provides an exception for persons who (1) are at least 21 years old and (2) have successfully completed a motorcycle operator training and safety course, or (3) are covered by a health insurance plan providing at least $10,000 in medical benefits for injuries incurred in an accident while operating a motorcycle. TEX. TRANSP. CODE ANN. § 661.003(c) (Vernon 2004). Such persons may apply for a compliance sticker, which the Department of Public Safety must issue on proper application and evidence of compliance. TEX. TRANSP. CODE ANN. §§ 661.003(d), (e) (Vernon Supp.2004). A person displaying such a sticker is presumed to have successfully completed the motorcycle operator training and safety course or to have the required insurance coverage. TEX. TRANSP. CODE ANN. § 661.003(g) (Vernon Supp.2004). The evidence from the suppression hearing shows that appellant did not have such a sticker.

Nevertheless, appellant contends that stopping him for not wearing a helmet is similar to stopping a motorist to see if he has a driver's license. We disagree. Whether a motorcycle rider is wearing a helmet is a fact that is in plain view to an officer. The Texas Transportation Code makes it an offense to operate a motorcycle without a helmet. *Id.* Therefore, an officer witnessing a motorcycle operator without a helmet has reasonable suspicion to make a traffic stop when the operator

does not have a sticker issued by the Department of Public Safety. We overrule appellant's sole point of error.

### Conclusion

We affirm the judgment of the trial court.