Opinion issued on February 19, 2004.

 





             

  
 






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00056-CR




MICHAEL MARVIN MCKITTRICK, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1131674




O P I N I O N

          Appellant, Michael Marvin McKittrick, pleaded guilty to driving while
intoxicated (DWI). Pursuant to an agreed plea bargain with the State, the trial court
sentenced him to confinement for 180 days, probated for one year of community
supervision, and a $300 fine. In his sole point of error, appellant contends that the
trial court erred in denying his motion to suppress evidence. We affirm.
Factual Background
          Appellant was arrested for DWI. He was riding a motorcycle, and the sole
reason for initially detaining him was that he was not wearing a helmet. No live
testimony was presented on appellant’s motion to suppress. Rather, the parties
entered an agreed stipulation of evidence which provides the following:
On August 22, 2002, at approximately 3:23 a.m., in Harris
County, Texas Officer C.D. Cummings stopped the defendant,
Michael Marvin McKittrick[,] who was riding a motorcycle,
because he was not wearing a helmet and was not displaying a
sticker issued by the Department of Public Safety indicating that
he had presented evidence satisfactory to the Department that he
was over 21 years old, had completed a motorcycle training and
safety course or was covered by a health plan.
 
At the time of the stop the defendant was 42 years old and
demonstrated his compliance with Transportation Code 661.003
by showing evidence that he was covered by a health insurance
plan as described in the statute.
 
After a subsequent investigation the officer placed the defendant
under arrest for driving while intoxicated in this case.
 
Motion to Suppress
          Appellant contends that the trial court erred in denying his motion to suppress
any evidence obtained from or about his person or motorcycle. He contends that the
officer detained him with no reasonable suspicion that he was engaged in criminal
activity.
          Generally, a trial court’s ruling on a motion to suppress is reviewed by an abuse
of discretion standard. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).
However, where as here, a case presents a question of law based upon undisputed
facts, we apply a de novo review. Id. 
Reasonable Suspicion
          The general rule is that we should afford almost total deference to a trial court’s
determination of the historical facts that the record supports, especially when the trial
court’s fact findings are based on an evaluation of credibility and demeanor. Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We are also to afford such
deference to a trial court’s ruling on the “application of law to fact questions” if the
resolution of those ultimate questions turns on an evaluation of credibility and
demeanor. Id. Questions not turning on credibility and demeanor may be reviewed
by appellate courts de novo. Id.
          A police officer may lawfully stop a motorist who commits a traffic violation. 
McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993). A routine traffic
stop closely resembles an investigative detention. Berkemer v. McCarty, 468 U.S.
420, 437, 104 S. Ct. 3138, 3149 (1984). An investigative detention is a seizure under
which the citizen is not free to leave, Francis v. State, 922 S.W.2d 176, 178 (Tex.
Crim. App. 1996); thus, it must be reasonable to meet the standards required by the
United States and Texas Constitutions. See U.S. Const. amend. IV; Tex. Const. art.
I, § 9.
          To determine the reasonableness of an investigative detention, we apply the
guidelines set out by the United States Supreme Court in Terry v. Ohio: (1) whether
the officer’s action was justified at its inception; and (2) whether it was reasonably
related in scope to the circumstances that initially justified the interference. See
Davis v. State, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997) (citing Terry v. Ohio,
392 U.S. 1, 19–20, 88 S. Ct. 1868, 1879 (1968)). Appellant does not challenge
whether the scope of the detention was reasonably related to the circumstances
justifying the initial stop; rather, he contends that the stop was made without adequate
justification.
          To make an investigative detention, an officer must have a reasonable
suspicion; that is, the officer must be able to point to specific, articulable facts that,
taken together with rational inferences from those facts, reasonably warrant the
detention. Id. at 242–43. In evaluating the reasonableness of an investigative
detention, we must apply an objective standard by asking whether, in light of the
officer’s experience, the facts available would justify a person of reasonable caution
in believing the action taken was appropriate. Id. at 242. In short, reasonable
suspicion requires that “there is something out of the ordinary occurring and some
indication that the unusual activity is related to crime.” Id. at 244 (quoting Viveros
v. State, 828 S.W.2d 2, 4 (Tex. Crim. App. 1992)).
          Appellant contends that the officer was not justified in making the stop because
an officer cannot stop a motorcycle operator for failing to wear a helmet. However,
the Transportation Code makes it an offense to operate a motorcycle on a public street
or highway without protective headgear. Tex. Transp. Code Ann. § 661.003(a)
(Vernon Supp. 2004). The statute provides an exception for persons who (1) are at
least 21 years old and (2) have successfully completed a motorcycle operator training
and safety course, or (3) are covered by a health insurance plan providing at least
$10,000 in medical benefits for injuries incurred in an accident while operating a
motorcycle. Tex. Transp. Code Ann. § 661.003(c) (Vernon 2004). Such persons
may apply for a compliance sticker, which the Department of Public Safety must issue
on proper application and evidence of compliance. Tex. Transp. Code Ann. §§
661.003(d), (e) (Vernon Supp. 2004). A person displaying such a sticker is presumed
to have successfully completed the motorcycle operator training and safety course or
to have the required insurance coverage. Tex. Transp. Code Ann. § 661.003(g)
(Vernon Supp. 2004). The evidence from the suppression hearing shows that
appellant did not have such a sticker.
          Nevertheless, appellant contends that stopping him for not wearing a helmet
is similar to stopping a motorist to see if he has a driver’s license. We disagree. 
Whether a motorcycle rider is wearing a helmet is a fact that is in plain view to an
officer. The Texas Transportation Code makes it an offense to operate a motorcycle
without a helmet. Id. Therefore, an officer witnessing a motorcycle operator without
a helmet has reasonable suspicion to make a traffic stop when the operator does not
have a sticker issued by the Department of Public Safety. We overrule appellant’s
sole point of error.
                                                   Conclusion
           We affirm the judgment of the trial court.
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Alcala, Hanks, and Hedges.



Publish. Tex. R. App. P. 47.4.