6-96-028-CV Long Trusts v. Dowd 


















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00058-CV
______________________________



IN RE: JOHN ROBERT ROGERS





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Original Mandamus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter



MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Relator, John Robert Rogers, contends Sandra King, the district clerk of Panola County,
Texas, has refused to issue citation in Rogers' divorce suit against his wife. Rogers asks this Court
to compel King to issue the citation and have Rogers' wife served through citation by publication.
Â Â Â Â Â Â Â Â Â Â Â Â This Court has jurisdiction to issue a writ of mandamus against a "judge of a district or
county court in the court of appeals district." Tex. Gov't Code Ann. Â§ 22.221(b) (Vernon 2004). 
The Legislature has not conferred authority on this Court to issue a writ of mandamus generally, and
we do not have the authority in the context of these allegations to issue a writ of mandamus against
a district clerk. The Texas Constitution and Article 4.04 of the Texas Code of Criminal Procedure
(both cited by Rogers in his petition) authorize only the Texas Court of Criminal Appeals to issue
a writ of mandamus "in criminal law matters." Tex. Const. art. V, Â§ 5(c); Tex. Code Crim. Proc.
Ann. art. 4.04, Â§ 1 (Vernon Supp. 2004). Those provisions do not authorize this Court to issue
extraordinary writs.
Â Â Â Â Â Â Â Â Â Â Â Â We lack jurisdiction to grant the requested relief. Accordingly, we dismiss the original
proceeding for want of jurisdiction.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â May 10, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â May 11, 2004



to a trial court's ruling on the
application of law to fact questions if the resolution of those ultimate questions turns on an
evaluation of credibility and demeanor. Id. We may review de novo the application of law to fact
questions not turning on credibility and demeanor. Id.

 Robinson and the State agree that Bowen's initial search of the garment bag was made with
Robinson's consent. They also agree that Robinson withdrew his consent when Bowen asked to open
the bundle. They further agree that Bowen detained the garment bag and therefore Robinson. They
disagree over whether that detention was lawful.

 An investigative detention is a seizure, Francis v. State, 922 S.W.2d 176, 178 (Tex. Crim.
App. 1996); Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995); thus, it must be
reasonable to meet the standards required by the United States and Texas Constitutions. See U.S.
Const. amend. IV; Tex. Const. art. I, § 9. To determine the reasonableness of an investigative
detention, we apply the guidelines set out by the United States Supreme Court in Terry v. Ohio: (1)
whether the officer's action was justified at its inception; and (2) whether it was reasonably related
in scope to the circumstances that initially justified the interference. See Davis v. State, 947 S.W.2d
240, 242 (Tex. Crim. App. 1997) (citing Terry v. Ohio, 392 U.S. 1, 19-20, 88 S.Ct. 1868, 20 L.Ed.2d
889 (1968)). Robinson does not contend the detention was excessive in scope; rather, he contends
it was not justified at its inception.

 To make an investigative detention, an officer must have a reasonable suspicion; that is, the
officer must be able to point to specific, articulable facts that, taken together with rational inferences
from those facts, reasonably warrant the detention. Davis, 947 S.W.2d at 242-43. In evaluating the
reasonableness of an investigative detention, we must apply an objective standard by asking whether,
in light of the officer's experience, the facts available would justify a person of reasonable caution
in believing the action taken was appropriate. Id. at 243. Reasonable suspicion requires "that there
is something out of the ordinary occurring and some indication that the unusual activity is related
to crime." Id. at 244 (quoting Viveros v. State, 828 S.W.2d 2, 4 (Tex. Crim. App. 1992)).

 Bowen's detention of Robinson was lawful. Bowen testified he targeted Robinson because
Robinson was traveling from a city known to be a source for narcotics to a city known to be a
destination for narcotics and because of the way Robinson reserved and purchased his ticket. He
testified Robinson acted evasive about the presence of the bundle in the garment bag. The object
was wrapped in packing tape and was inside a plastic bag with dryer sheets. Bowen testified that
in his experience, bundles of that particular size, weight, and feel often contain narcotics. These
facts are sufficient to justify a reasonable officer in detaining the bundle, and hence Robinson, for
further investigation.

 Robinson contends Bowen's decision was based primarily on the size, weight, and feel of the
bundle, yet the record does not show he ever handled the bundle. However, the record shows he saw
the size and shape of the bundle, watched Robinson handle it, and knocked on it with his hand. 
From this testimony, the trial court could have found Bowen's testimony credible. Further, the size,
weight, and feel of the bundle was only one of several factors justifying Robinson's detention.

 Robinson also contends the trial court erred in refusing to suppress the statement he gave to
John, the FBI agent. Robinson's theory is that his statement was a fruit of his unlawful detention. 
Assuming Robinson is correct that his statement was a product of his detention and that the taint of
the purportedly unlawful detention had not dissipated, the trial court did not err in refusing to
suppress the statement because the detention was not unlawful.

 The judgment is affirmed.




 Ben Z. Grant

 Justice


Date Submitted: August 6, 2002

Date Decided: August 27, 2002


Do Not Publish