NO.  07-10-0207-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 1, 2011

_____

RAMON ANTONIO SALAZAR,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 09-08-6937; HON. PAT PHELAN, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Ramon Antonio Salazar appeals his conviction for driving while intoxicated, a second degree felony.  Through two issues, he contests the trial court's denial of his motion to suppress.  We affirm.

## *Background*

At the suppression hearing, Margaret Golightly testified that she worked for the Levelland Police Department as a communications supervisor, that she received a call from appellant's wife, Janie Salazar, during the afternoon of July 21, 2009, that Ms. Salazar told Golightly that she had conversed with her husband earlier, that Salazar believed her husband to be intoxicated, that Salazar provided a description and license plate number of the vehicle appellant was driving, and that Salazar was concerned for appellant's welfare. Golightly, who knew Ms. Salazar worked for the local sheriff's department, dispatched this information to the officers on patrol. Deputy Shane Sowell, with the Lamb County Sheriff's Department, heard the dispatch, observed a car meeting the description given, and began following the vehicle. As the deputy did so, the vehicle (which appellant drove) turned off of and onto various dirt and paved roads and highways. And, as it travelled on those roads, its speed did not exceed 20 mph, although the highway speed limit was 70 mph and the speed of those operating on the dirt roads normally approximated 40 to 50 mph. When asked, the deputy testified that appellant's "speed was inconsistent with normal travel on those roads and especially with the condition of the roads."

Eventually, appellant's driving took him into Hockley County. When that occurred, Deputy Sowell broadcasted appellant's location and asked for assistance in stopping the vehicle. In response, the Hockley County Sheriff "notified" Sowell that he (the sheriff) was headed to the area and "would try to intercept" the vehicle at a designated location. Appellant was intercepted and stopped by the sheriff at that location. State troopers then arrived at the scene to effectuate an arrest.

2

### *Issues One and Two - Motion to Suppress*

Appellant contends that the trial court erred by failing to grant his motion to suppress. He claims it was error because 1) the traffic stop was not supported by reasonable suspicion, 2) his wife's call to the police station was not supported by "the officers observing any corroborating criminal activity" and 3) the State failed to present sufficient evidence to support the denial of his motion. We disagree and overrule the issues.

We review the trial court's ruling on a motion to suppress by affording great deference to its interpretation of historical facts but not to its interpretation of the law. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). Moreover, the ruling must be upheld if it can be so on any legitimate theory supported by the record even if the trial court gave a different reason for its holding. *Stevens v. State*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007).

Next, an officer may undertake an investigative detention if there "'existed specific, articulable facts that, taken together with rational inferences from those facts, reasonably warranted that intrusion.'" *Contreras v. State*, 309 S.W.3d 168, 170-71 (Tex. App.–Amarillo 2010, pet. ref'd), *quoting Haas v. State*, 172 S.W.3d 42, 51 (Tex. App.–Waco 2005, pet. ref'd). That is, the officer must reasonably suspect that some activity out of the ordinary is occurring or has occurred, that the detainee is connected to the unusual activity, and that the unusual activity is related to crime. *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997), *quoting Meeks v. State*, 653 S.W.2d 6, 12 (Tex. Crim. App. 1983); *Contreras v. State*, 309 S.W.3d at 170-71.

We initially note that a stop can be made upon the collective knowledge of the officers involved. *Martinez v. State*, 72 S.W.3d 76, 81 (Tex. App.–Amarillo 2002, no pet.). That is, the factual basis for undertaking the stop need not arise from the officer's personal observation but may be supplied by information acquired from one officer to another. *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005). So, appellant is incorrect when he suggests that it was necessary for the Hockley County Sheriff to have witnessed the facts justifying the stop before stopping the vehicle.

Next, we acknowledge the existence of authority holding that simply traveling under the speed limit does not afford an officer reasonable suspicion to believe criminal activity is afoot. *Viveros v. State*, 828 S.W.2d 2, 4 (Tex. Crim. App. 1992). In *Viveros*, the detainee, while driving 65 mph, passed a patrol car proceeding at 45 to 50 mph. Then, he "immediately reduced his speed" to 45 or that maintained by the officer. The Court of Criminal Appeals acknowledged that such conduct may indicate that something unordinary was occurring, but it alone did not permit the officer to reasonably infer that the unusual activity related to crime. Yet, here we have more indicia than that before the *Viveros* court.

The officer did not merely stop appellant because he was not driving the speed limit or because he was driving 20 mph under that limit. Rather, he acted upon a dispatch given by someone known to the dispatch officer, knew of the potential inebriated state of appellant due to the dispatch, encountered a car meeting the particularized description provided to the dispatch officer, and saw it driving, at times, up to 50 mph below the posted speed limit on a highway. Upon hearing the background information and personally viewing the vehicle being operated at such a slow speed, he

4

sought and secured help in stopping the car. These circumstances liken to those in *Bilyeu v. State*, 136 S.W.3d 691 (Tex. App.–Texarkana 2004, no pet.), wherein an individual approached the officer, described a particular vehicle and revealed that the driver had been asleep at a green light. Thereafter, the officer saw the particular vehicle pass by him traveling 10 mph in a 30 mph zone. The reviewing court held that those indicia were sufficient to warrant a stop, given that the tipster was not an anonymous informant (since the officer actually encountered him) and the officer observed odd behavior. *Id.* at 697-98. In view of this similarity between the two cases, we too conclude that the stop at bar was legitimate.

The issues are overruled, and the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

5