ACCEPTED
07-15-00039-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
7/27/2015 10:16:01 AM
Vivian Long, Clerk

No. 07-15-00039-CR

COURT OF APPEALS

SEVENTH DISTRICT

FOR THE STATE OF TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
7/27/2015 10:16:01 AM
VIVIAN LONG
CLERK

JOSEPH LEWIS GONZALES,

APPELLANT,

THE STATE OF TEXAS,

APPELLEE.

Appealed from the 181st District Court of
Potter County, Texas
Cause No. 68,522-B

APPELLANT'S BRIEF

Steven M. Denny
SBN: 24005798
2414 Line Ave.
Amarillo, Texas 79106
(806) 379-2010
Fax:(806)379-2012
lawyerdenny@aol.com
Attorney for Appellant,
Joseph Gonzales

**ORAL ARGUMENT REQUESTED**

1

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL..................................................................... 3

INDEX OF AUTHORITIES ......................................................................................... 4

STATEMENT OF THE CASE....................................................................................... 7

STATEMENT OF FACTS ............................................................................................ 8

SUMMARY OF THE ARGUMENT ...........................................................................10

POINT OF ERROR......................................................................................................11
THE CONTACT BETWEEN APPELLANT AND POLICE WAS NOT A CONSENSUAL
ENCOUNTER BECAUSE IT DID NOT OCCUR IN A PUBLIC PLACE

CONCLUSION AND PRAYER ...................................................................................18

CERTIFICATE OF SERVICE.....................................................................................18

CERTIFICATE OF COMPLIANCE............................................................................19

# IDENTITY OF PARTIES AND COUNSEL

In order that the members of the Court may determine disqualification in or recusal pursuant to T.R.A.P. 74(c), Appellant certifies that the following is a complete list of parties:

| | |
|---|---|
| Judge Presiding: | Honorable John Board<br>181st District Court<br>501 S. Fillmore<br>Ste. 3b<br>Amarillo, Texas 79101 |
| Appellant: | Joseph Lewis Gonzales TDCJ # 01976373<br>JB Wheeler State Jail<br>986 County Rd. AA<br>Plainview, TX  79072 |
| Attorney for Appellant<br>At Trial: | Lynda Smith<br>3611 Soncy<br>Amarillo, TX 79119 |
| Attorney for Appellant<br>On Appeal: | Steven M. Denny<br>2414 Line Ave.<br>Amarillo, Texas 79106 |
| Attorney for State<br>At Trial: | Chuck Slaughter<br>Assistant District Attorney<br>501 S. Fillmore<br>Ste. 5a<br>Amarillo, Texas 79101 |
| Attorney for State<br>on Appeal: | Randall Sims<br>47th District Attorney<br>501 S. Fillmore<br>Ste. 5a<br>Amarillo, Texas 79101 |

# INDEX OF AUTHORITIES

**Cases**

Amorella v. State, 554 S.W.2d 700, (Tex.Crim.App.1977) .....................................16

Arguellez v. State, 409 S.W.3d 657, (Tex. Crim. App. 2013) .................................10

Brendlin v. California, 551 U.S. 249, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007))....11

California v. Hodari D., 499 U.S. 621, (1991) ........................................................12

Crain v. State, 315 S.W.3d 43, (Tex. Crim. App. 2010) .........................................10

Derichsweiler v. State, 348 S.W.3d 906, (Tex.Crim.App.2011)..............................13

Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) ..........11

Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983)(plurality op.) ..............................................................................................................11, 12, 14

Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) ....................11

Green v. State, 256 S.W.3d 456, (Tex.App.-Waco 2008, no pet.)...........................16

Gurrola v. State, 877 S.W.2d 300, (Tex.Crim.App.1994) .......................................16

Hudson v. State, 247 S.W.3d 780, (Tex.App.-Amarillo 2008, no pet.) ...................16

LeBlanc v. State, 138 S.W.3d 603, (Tex. App.-Houston [14th Dist.] 2004, no pet.) ..............................................................................................................................16

Morris v. State, 739 S.W.2d 63, (Tex.Crim.App.1987) ..........................................12

Shaffer v. State, 562 S.W.2d 853, (Tex.Crim.App.1978) ........................................16

Sieffert v. State, 290 S.W.3d 478, (Tex.App.-Amarillo 2009, no pet.) ...................16

State v. Castleberry, 332 S.W.3d 460, (Tex.Crim.App.2011)..................................12

State v. Woodard, 341 S.W.3d 404, (Tex. Crim. App. 2011) .............................10, 11

Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ....................11, 13

United States v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975)......................................................................................................13, 15

United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980) ..............................................................................................................................12

United States v. Sokolow, 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989) .......13

Valtierra v. State, 310 S.W.3d 442, (Tex. Crim. App. 2010)...................................10

Viveros v. State, 828 S.W.2d 2, (Tex.Crim.App. 1992) ..........................................16

Wade v. State, 422 S.W.3d 661, (Tex. Crim. App. 2013)........................................10

**Statutes**

Tex. Code Crim. Pro. §18.01 ...............................................................................7, 16

Tex. Code Crim. Pro. §38.22 ...............................................................................7, 16

Tex. Code Crim. Pro. §38.23 ...............................................................................7, 16

**Constitutions**

Texas Constitution Article 1, §9..............................................................7, 16

U.S. Const. amend V ...........................................................................7, 16

U.S. Const. amend VI...........................................................................7, 16

U.S. Const. amend XIV .......................................................................7, 16

U.S. Const. amend. IV.........................................................................7, 16

JOSEPH LEWIS GONZALES  §     IN THE SEVENTH DISTRICT OF TEXAS

                        §

VS.                       §     OF

                        §

THE STATE OF TEXAS      §     AMARILLO, TEXAS

No. 07-15-00039-CR

JOSEPH LEWIS GONZALES,

Appellant,

VS.

**THE STATE OF TEXAS,**

Appellee.

---

**APPELLANT'S BRIEF**

---

TO THE COURT OF APPEALS:

Appellant, JOSEPH LEWIS GONZALES, respectfully submits this brief. Mr. Gonzales will be referred to as Appellant and the State of Texas will be referred to as State.

# STATEMENT OF THE CASE

Appellant challenged the search, seizure, and arrest in the cause by pre-trial motion CR 1-59[1] heard by the Court on January 12, 2015 RR 2-6.5[2] The Court found that the encounter between appellant and the government was a consentual encounter. RR 2-185.8 The court overruled appellant's motion. RR 2-185.19 Afterwards, appellant plead guilty to Possession of a Controlled Substance on January 12, 2015 in the 181st District Court in Potter County RR 2-188.5 and was sentenced by the court to 15 years in The Texas Department Of Criminal Justice Institutional Division. RR 2-192.22 A notice of appeal was timely filed on January 21, 2015. CR 1-88

---

1 The Clerk's record consists of 2 volumes and will be referred to as [CR volume #-page #]

2 The Reportrer's record consists of 3 volumes and will be referred to as [RR volume # - page # . line #]

# STATEMENT OF FACTS

Appellant, Joseph Gonzales, was charged with the offense of Possession of a Controlled Substance alleged to have occurred on or about January 27, 2014. (CR 1-20) Appellant challenged the search that was the basis of his arrest on the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, §9 of the Texas Constitution, and Articles 18.01, 38.22 and 38.23 of the Texas Code of Criminal Procedure. CR 1-59 Amarillo Police Officer Tollerson testified that he saw appellant commit a traffic violation of "failed to signal intent pulling into the private parking lot." RR 2-10.12 He testified that it was 2:00 a.m. RR 2-11.3 and that he had seen the violation from several "short blocks" RR 2-11.18 away by observing appellant in the rearview and sideview mirrors RR 2-11.21from the passenger seat of the patrol car. RR 2-11.5 When Officers Slover and Tollerson reached the private driveway behind the building, RR 2-12.5 appellant had already exited his vehicle, they made contact with appellant, and they obtained his identification.RR 2-12.7 Officer Tollerson then re-approached appellant for the purpose of "speak[ing] with him regarding the traffic violation." RR 2-12.21 Officer Tollerson then asked appellant if he had any weapons RR 2-13.23 to which appellant replied that he had a pocketknife and began to retrieve it for the officer. RR 2-14.17 During the search, the officers

found the knife RR 2-17.13 and a small tobacco can which they later pried open. RR 2-16.12 Appellant testified that he consented to a patdown for weapons after he told the officers he had a knife in his pocket. RR 2-152.1 The State introduced a video of appellant's "consent" for a search of his person for contraband via a video taken "30 minutes to an hour" after the initial stop. RR 2-151.7 Appellant testified that he had driven "right past the front entrance to that building where there's a driveway and a parking lot, circled completely around this building and then drove all the way to the back." RR 2-156.16 The Court found that there "wasn't a traffic stop", RR 2-181.22 but instead an "encounter with consensual search" RR 2-185.9 and overruled the motion. RR 2-185.19

# SUMMARY OF THE ARGUMENT

THE CONTACT BETWEEN APPELLANT AND POLICE WAS NOT A CONSENSUAL ENCOUNTER BECAUSE IT DID NOT OCCUR IN A PUBLIC PLACE

The ends don't justify the means, even when the result is locking up a habitual felon like Joseph Gonzales for fifteen more years. In this case, the Court found the officer's testimony that they were attempting to enforce the traffic laws on January 27, 2014 at 2:00 a.m. not credible. In an attempt to salvage the case, the State argued that it instead was a consensual encounter despite occurring on private property with lights and spotlights pointed at an appellant who did not feel free to leave lest he be arrested for evading arrest. The officers alleged that the area was a drug distribution point in their report, but disavowed any suspicion that appellant was participating in narcotics activity. They failed to articulate any suspicion, be it reasonable or unreasonable, to detain appellant. As such, all evidence seized as a result of such detention and search should be held inadmissible.

# POINT OF ERROR

**THE CONTACT BETWEEN APPELLANT AND POLICE WAS NOT A CONSENSUAL ENCOUNTER BECAUSE IT DID NOT OCCUR IN A PUBLIC PLACE**

## Standard of Review

A trial court's ruling on a suppression motion is reviewed on appeal for abuse of discretion, with almost complete deference being given to its determination of historical facts, especially if those are based on an assessment of credibility and demeanor. Arguellez v. State, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013); Crain v. State, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). Regardless of whether the trial court granted or denied the motion, appellate courts view the evidence in the light most favorable to the ruling. Wade v. State, 422 S.W.3d 661, 666 (Tex. Crim. App. 2013); State v. Woodard, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011). Appellate courts review de novo a trial court's application of the law of search and seizure to the facts. Wade, 422 S.W.3d at 667; Valtierra v. State, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).

## Relevant Caselaw

There are three distinct types of police-citizen interactions: (1) consensual encounters that do not implicate the Fourth Amendment; (2) investigative detentions that are Fourth Amendment seizures of limited scope and duration that must be supported by a reasonable suspicion of criminal activity; and (3) arrests, the most intrusive of Fourth Amendment seizures, that are reasonable only if supported by probable cause. Woodard, 341 S.W.3d at 410-11 (citing Florida v. Bostick, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991); Terry v. Ohio, 392 U.S. 1, 30-31, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Gerstein v. Pugh, 420 U.S. 103, 111-12, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)). Police officers are as free as any other citizen to approach citizens in a public place to ask for information or cooperation. Such consensual encounters may be uncomfortable for a citizen, but they are not Fourth Amendment seizures:

> [L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual ***on the street or in another public place***, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions. Florida v. Royer, 460 U.S. 491 at 497 to 498, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983)(plurality op.) (citations omitted)(emphasis added).

No bright-line rule governs when a consensual encounter becomes a detention. Woodard, 341 S.W.3d at 412 (citing Brendlin v. California, 551 U.S. 249, 255, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007)). Courts must take into account the totality of the

12

circumstances of the interaction to decide whether a reasonable person would have felt free to ignore the police officer's request or terminate the consensual encounter. State v. Castleberry, 332 S.W.3d 460, 467 (Tex.Crim.App.2011). This is known as the *Mendenhall* test. Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) (relying on Mendenhall to conclude that the circumstances — "a show of official authority such that a reasonable person would have believed that he was not free to leave" — indicated a Fourth Amendment seizure); United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980) ("a person has been seized within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave."); Morris v. State, 739 S.W.2d 63, 66 (Tex.Crim.App.1987) ("Mendenhall and Royer indicate the circumstances of a case must be examined in order to decide if a defendant would have reasonably believed that he was not free to leave.").

If ignoring the request or terminating the encounter is an option, then no Fourth Amendment seizure has occurred. Castleberry, 332 S.W.3d 460, 467 (Tex. Crim.App.2011). But — as the Supreme Court made clear in California v. Hodari D., 499 U.S. 621, 627-28 (1991); Castleberry, 332 S.W.3d at 466-67. — if an officer

through force or a show of authority succeeds in restraining a citizen in his liberty, the encounter is no longer consensual; it is a Fourth Amendment detention or arrest, subject to Fourth Amendment scrutiny.

If the encounter is not consensual or escalates from a consensual to a non-consensual encounter, an officer must have a reasonable suspicion of criminal activity to detain or seize an individual for questioning. United States v. Brignoni-Ponce, 422 U.S. 873, 881-82, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). A police officer has reasonable suspicion for a detention if he has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity. This is an objective standard that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention. Derichsweiler v. State, 348 S.W.3d 906, 914 (Tex.Crim.App.2011) (citing United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989); Terry, 392 U.S. at 21-22, 88 S.Ct. 1868).

**Argument**

The trial court ruled that the encounter between appellant and officers on

January 27, 2014 was a consensual encounter rather than a traffic stop. RR 2-185.9 The record, however, is silent on an essential element of a consensual encounter- that it take place in a public place as required in Florida v. Royer, 460 U.S. 491 at 497. Officer Tollerson's testimony at the hearing was that the encounter was in a "private parking lot" RR 2-10.9, "private parking lot" RR 2-10.13, "private parking lot" RR 2-26.13, and "private drive" RR 2-71.12 Amarillo Police Officer Camarillo testified that the encounter was on "private property." RR 2-105.18 Appellant also testified that it was "private property." RR 2-138.16 Since the encounter did not take place in a "public place," it was not a consensual encounter.

Even if the encounter had taken place in a public place, a reasonable person in appellant's position would not have felt free to leave. When we apply the Mendenhall test to determine whether there was "a show of official authority such that a reasonable person would have believed that he was not free to leave," we must look to Officer Caramillo's testimony that Officer Tollerson's red and blue lights were on RR 2-110.22, Officer Tollerson's testimony that the patrol car's spotlight was on and pointed towards appellant RR 2-78.14, and appellant's testimony that he felt that he was not free to leave or he would have been charged with "evading arrest," RR 2-129.4

Officer Tollerson attempted to explain that once appellant was detained in the traffic stop, he continued to be detained after they found the substance in the following exchange:

> Q. [by the State's Attorney] Is that after he was taken into custody after you found the substance? Was he let me rephrase. Did you detain him after you found the substance?
> A. [by officer Tollerson] A person is detained once a traffic --
> Q. Just did you detain him?
> A. He was *continued* to be --
> Q. All right.
> A. detained, yes.
> Q. And at that point was he free to leave?
> A. No. RR 2-18.12 to 22 (emphasis added)

The most dispositive testimony that there was in fact a detention is in this exchange:

> Q. [by the state's attorney] So you didn't detain him at all, did you?
> A. [by officer Tollerson] We did. RR 2-60.23 to 24

Since appellant was in fact detained as the facts and testimony above prove, the officers would need to articulate reasonable suspicion for such detention. United States v. Brignoni-Ponce, 422 U.S. 873, 881-82, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). The record from the hearing itself proves that the officers did not have reasonable suspicion of a criminal offense- other than the traffic violation which the court held was not the reason for the stop- in the following exchange:

> Q. [by Appellant's trial counsel] And the fact that he pulled into that parking lot made him a suspect for your narcotics investigation, didn't it?
> A. [by Officer Tollerson] No, ma'am.

16

During the hearing, the area was described as a "drug distribution point," RR2-55.8, "high crime rate, high drug area," RR 2-131.8 RR 2-141.19. Such an allegation does not itself arise to a reasonable suspicion:

> Although the time of day and the level of criminal activity in an area may be factors to consider in determining reasonable suspicion, they are not suspicious in and of themselves; Hudson v. State, 247 S.W.3d 780, 786-87 (Tex.App.-Amarillo 2008, no pet.); Green v. State, 256 S.W.3d 456, 462 (Tex.App.-Waco 2008, no pet.), and that detainees were seen or found in a high crime area alone does not warrant reasonable suspicion. Gurrola v. State, 877 S.W.2d 300, 303 (Tex.Crim.App.1994); Amorella v. State, 554 S.W.2d 700, 701 (Tex.Crim.App.1977). Neither does driving slower than the posted speed; Viveros v. State, 828 S.W.2d 2, 3 (Tex.Crim.App. 1992); Shaffer v. State, 562 S.W.2d 853, 854-55 (Tex.Crim.App.1978), nor nervousness; Green, 256 S.W.3d at 462; LeBlanc v. State, 138 S.W.3d 603, 608 n. 6 (Tex. App.-Houston [14th Dist.] 2004, no pet.), by themselves, warrant reasonable suspicion. Sieffert v. State, 290 S.W.3d 478, 485 (Tex.App.-Amarillo 2009, no pet.).

Since the court ruled that the encounter was not a traffic stop, RR 2-181.22 and since the Officers did not offer any reasonable suspicion that a crime was taking place, and since the officers denied that appellant was a suspect in a narcotics investigation, the Officers did not have a reasonable suspicion to detain appellant. Without reasonable suspicion, the detention was a violation of appellant's right to be free from unreasonable searches under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, §9 of the Texas Constitution, and Articles

17

18.01, 38.22 and 38.23 of the Texas Code of Criminal Procedure, and all evidence obtained as a result of that unlawful detention, search, and seizure should be suppressed.

## **CONCLUSION AND PRAYER**

For the above and forgoing reasons, Appellant respectfully prays that upon appellate review, the Court of Appeals find that the detention, search, and seizure of appellant was unlawful and in violation of his right to be free from unreasonable searches, hold the fruits of that search inadmissible, and remand this cause to the trial court for further proceedings.

Respectfully Submitted,


 /s/denny
**STEVEN M. DENNY**
ATTORNEY AT LAW
2414 Line Ave.
AMARILLO, TEXAS 79106
(806) 379-2010
SBN: 24005798
lawyerdenny@aol.com


## **CERTIFICATE OF SERVICE**

I, Steven M. Denny, attorney for the Appellant, certify that a true and correct

18

copy of the foregoing brief has been provided to the Potter County Attorney on this the __27__ day of _____July_____, 20__15__.

____/s/denny_____<br>
STEVEN M. DENNY

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Steven M. Denny, attorney for the Appellant, certify that this brief complies with T.R.A.P. 9.4 and contains 1,898 words as calculated by Microsoft Word in the included content as described in T.R.A.P 9.4(1) on this the __27__ day of __July__, 20_15_.

_/S/denny_____<br>
STEVEN M. DENNY